569 P.2d 1382

**Robert N. EWING, General Contractor, an Arizona Corporation, Appellant,**

**v.**

**GOETTL'S METAL PRODUCTS CO., an Arizona Corporation, Appellee.**

**No. 1 CA–CIV 3338.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 22, 1977.

Rawlins, Ellis, Burrus & Kiewit by Norman D. Hall, Jr., Phoenix, for appellant.

Johnson, Tucker, Jessen & Dake, P. A. by Susan A. Ehrlich and T. Gale Dake, Phoenix, for appellee.

## OPINION

HAIRE, Judge.

On this appeal we are required to determine whether the appellant general contractor's third-party complaint against the appellee subcontractor was properly dismissed pursuant to the subcontractor's motion for summary judgment. There are no factual issues involved, the matter having been decided as a matter of law, based upon the pleadings.

This litigation began when the plaintiff homeowner (Di Censo) filed a complaint against the general contractor and several others, including the appellee subcontractor, Goettl's Metal Products Co. As the litigation progressed, several amended complaints were filed, finally culminating in the fourth amended complaint. By that time, the subcontractor had been dropped as a defendant.

The claim against the general contractor was set forth in the sixth count of the fourth amended complaint, and, after alleging that the homeowner had entered into an agreement with the general contractor for the building of a residence, set forth certain specific provisions of that contract. The complaint then alleged:

"VIII.

"During the first year after installation of the gas cooling and heating units, said units have repeatedly broken down. Plaintiffs notified Defendant ROBERT N. EWING, General Contractor, and his agent, GOETTL'S METAL PRODUCTS CO. of the repeated breakdowns. Defendant, General Contractor, through its agent, GOETTL'S METAL PRODUCTS CO., failed to make the necessary repairs

or complete the proper installation. Therefore, Defendant ROBERT N. EWING, General Contractor, has failed and refused and still fails and refuses to perform Sec. 21–08 of said agreement with Plaintiffs.

\*    \*    \*    \*    \*    \*

"X.

"Plaintiffs have suffered extreme inconvenience and discomfort as a direct result of Defendant, ROBERT N. EWING, General Contractor's breach of said agreement. Further, in violation of said agreement and as a direct result of said breach, Plaintiffs have had to expend their own funds to attempt to repair the units to make them operate properly, and when that failed, to replace them."

From the foregoing it is clear that the claim against the general contractor was for breach of contract concerning work subcontracted by the general contractor to the appellee subcontractor.

The general contractor's third-party complaint against its subcontractor, Goettl's, contained allegations to the effect that the supply and installation of the heating and cooling system in the residence involved had been subcontracted to Goettl's, and that Goettl's had failed to install the same in a good, proper and workmanlike manner in accordance with its contract, resulting in the failure of the system to function properly. The final paragraph of the third-party complaint alleged:

"V.

"That by virtue of the failure of GOETTL'S to perform in the manner contemplated between the parties, EWING may be found to be liable to DINO DI CENSO and KATHLEEN DI CENSO for the damages which they have sustained, and further to have damages and costs assessed against it and in favor of the DI CENSOS."

We have concluded that the trial judge erroneously granted the subcontractor's motion for summary judgment, and that the third-party complaint was properly filed pursuant to Rule 14(a), Rules of Civil Procedure, 16 A.R.S. That rule, in pertinent part, provides:

"14(a) When defendant may bring in third party. At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

■ The subcontractor contends that since there was no express provision for indemnification of the general contractor by the subcontractor in the subcontract agreement, the general contractor was not entitled to indemnity from the subcontractor. If this were a tort action in which the plaintiff had sued the general contractor alleging active tortious conduct on the part of the general contractor, there might be some merit to the subcontractor's position. Under such circumstances, since Arizona does not recognize a right of contribution between active joint tort-feasors, *Allison Steel Manufacturing Co. v. Superior Court,* 20 Ariz.App. 185, 511 P.2d 198 (1973); *Transcon Lines v. Barnes,* 17 Ariz.App. 428, 498 P.2d 502 (1972), a third-party action would not lie in the absence of an explicit contractual indemnity provision. *Southern Pacific Co. v. Gila River Ranch, Inc.,* 105 Ariz. 107, 460 P.2d 1 (1969); *Allison Steel Manufacturing Co. v. Superior Court,* 22 Ariz.App. 76, 523 P.2d 803 (1974). If there is to be any indemnity or contribution between active joint tort-feasors, it must find its substantive basis in some contractual indemnity undertaking of the parties. It appears to be Goettl's position that this same necessity for an express contractual indemnity undertaking carries over into other areas of the law, not involving the substantive law of torts and joint tort-feasors. This contention is without merit.

■ The language of Rule 14(a) governing the circumstances under which a claim may be asserted against a third-party defendant is very broad. All that the defendant (third-party plaintiff) need allege is a substantive basis indicating that the third-party defendant "is or may be liable to him

[the original defendant] for all or part of the plaintiff's claim against him." As has been demonstrated in prior Arizona decisions, that substantive basis may take the form of certain common law indemnity theories, *Busy Bee Buffet v. Ferrell,* 82 Ariz. 192, 310 P.2d 817 (1957), express contractual indemnity provision, *Southern Pacific Co. v. Gila River Ranch, Inc., supra,* or it may be based on other contractual relationships furnishing a basis for a "claim-over" against the third-party defendant, as is illustrated in *Costanzo v. Stewart Title & Trust,* 23 Ariz.App. 313, 533 P.2d 73 (1975).

Rule 14 does not itself create or establish a right of reimbursement, indemnity, nor contribution, but where there is a substantive basis for such right, the rule expedites the presentation and in some instances, accelerates the accrual of such right. Moore's Federal Practice, § 14.03[1]. Here, from an examination of plaintiff's complaint against the general contractor, it is clearly apparent that liability was predicated upon a breach of the general contractor's agreement with the plaintiff homeowner concerning the supplying and installation of the heating and cooling systems. This work was subcontracted to the third-party defendant Goettl's Metal Products Co. If a breach is found relating to the subcontracted work, it is equally apparent that the general contractor could file a separate action against the subcontractor to recover damages for such breach. There is thus a clear substantive basis for the third-party claim.

As stated in Moore's Federal Practice, § 14.04:

"¶ 14.04. Scope and Purpose of Rule 14.

"The general purpose of Rule 14 is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant." (Footnotes omitted).

These purposes would be well served by the filing of the third-party complaint here involved.

The judgment dismissing the third-party complaint is reversed, and the matter remanded for further proceedings consistent with this opinion.

NELSON, P. J., and FROEB, C. J., concurring.