629 P.2d 1023

**CHIRCO CONSTRUCTION COMPANY, INC., an Arizona Corporation, Third Party Plaintiff/Appellant,**

v.

**STEWART TITLE AND TRUST OF TUCSON, as Trustee under Trust No. 0500; Terrace Development Co., Inc.; and William Smitherman, Personal Representative of the Estate of William G. Pickens, Deceased, Third Party Defendants/Appellees.**

No. 2 CA–CIV 3833.

Court of Appeals of Arizona, Division 2.

April 28, 1981.

Rehearing Denied May 20, 1981.

Review Denied June 16, 1981.

Jacob Leon Siken by Carl M. Tootle, Tucson, for third party plaintiff/appellant.

Donald Estes, for third party defendants/appellees.

## OPINION

HATHAWAY, Chief Judge.

In this appeal we are asked to decide whether appellees (third party defendants below) were properly dismissed from an action brought against them by appellant (third party plaintiff below).

In April 1971, appellant Chirco sold a house it had constructed to Mr. and Mrs. Woodward, plaintiffs below. After the Woodwards moved into the house, the land underneath it began to settle, causing damage to the house. The Woodwards sued Chirco on several counts, including breach of warranty of workmanship, negligence in failing to discover a soil problem and fraudulent misrepresentation. Chirco then brought this third party action pursuant to 16 A.R.S., Rules of Civil Procedure, rule 14(a), against appellees, who were the developers of the subdivision where the subject property is located. This action was based on misrepresentations surrounding the sale of the subject property by appellees to Chirco in September 1970. Chirco alleged that appellees had falsely represented to it that the subject property was suitable for the construction of a house, when in fact the property contained loose soil and other conditions causing settlement problems which were known by appellees. Appellees moved for summary judgment and/or dismissal on the basis that there was no genuine issue as to any material fact, and that there was no legal cause of action in favor of Chirco which would allow recovery against them. Chirco opposed on the basis that the parties were not joint tortfeasors and that even if they were joint tortfeasors, Chirco would be entitled to indemnification. Appellees' motion was granted, and judgment of dismissal was entered thereon.

▮ Chirco contends first that it and appellees were not joint tortfeasors since its claim is based on a separate and prior misrepresentation by appellees in which the Woodwards, plaintiffs below, were not involved and for which they may not sue. Secondly, Chirco argues that even if it and appellees were joint tortfeasors, Chirco is entitled to indemnity from appellees since Chirco denied any active negligence contributing to the Woodwards' damages. The court below appeared to treat appellees' motion as one for dismissal under 16 A.R.S., Rules of Civil Procedure, rule 12(b)(6). In our review of a judgment of dismissal under this rule, the truth of the allegations of a claim must be assumed. *Radcliffe v. Hilton Inn*, 119 Ariz. 306, 580 P.2d 767 (App. 1978). Such motions are not favored, and a court should not grant dismissal for the reason that a complaint fails to state a cause of action unless it appears certain that the plaintiff would not be entitled to relief under any state of the facts susceptible of proof under the claim stated. *Folk v. City of Phoenix*, 27 Ariz.App. 146, 551 P.2d 595 (1976). Applying these standards to this case, we must reverse because under one possible view of the facts and the theories of recovery alleged against Chirco, it would be entitled to indemnity against appellees.

▮ The Woodwards sued Chirco including a count in breach of warranty.[1] If the

---

1. Although the issue is not presented to us in this appeal, we note that Division One of this court has held that an implied warranty exists as between a builder-vendor of a new home and the buyer:

facts as developed show that Chirco's only liability to the Woodwards is for breach of warranty of habitability, and there is no independent negligence or fraud shown on their part, Chirco would be entitled to indemnity from appellees, if appellees are proven to be at fault for the soil condition which caused plaintiffs' damages. Restatement of Restitution, Sec. 76 (1937); *Ewing v. Goettl's Metal Products Co.*, 116 Ariz. 484, 569 P.2d 1382 (App.1977). Where a party is compelled to pay damages when his liability is based on a contractual relationship with the plaintiff, without fault on his own part, it is generally held that the party may recover indemnity. 41 Am.Jur.2d, Indemnity, Sec. 20 (1968).

■ The circumstances under which a claim may be asserted against a third party defendant under rule 14(a) are very broad. All the third party plaintiff need allege is a basis indicating that the third party defendant "is or may be liable to him for all or part of the plaintiff's claim against him." 16 A.R.S., Rules of Civil Procedure, rule 14(a); *Ewing v. Goettl's Metal Products Co., supra.* Here such a substantive basis for indemnity exists. Accordingly, the cause must be remanded to determine the theories under which the respective parties may recover against one another. On the state of the record before us, appellees were not entitled to judgment as a matter of law and the judgment of dismissal in their favor must be reversed.

Reversed and remanded.

HOWARD and BIRDSALL, JJ., concur.

"... [A]s to new home construction, ... the builder-vendor impliedly warrants that the construction was done in a workmanlike manner and that the structure is habitable." *Columbia Western Corp. v. Vela*, 122 Ariz. 28, 33, 592 P.2d 1294, 1299 (App.1979).