701 P.2d 1182

Dale KRIZ, an individual, et al., Plaintiffs,

v.

BUCKEYE PETROLEUM COMPANY, INC., et al., Defendants.

YOUNG, SMITH & PEACOCK, INC., an Arizona corporation, et al., Third-Party Plaintiffs,

v.

CANYON STATE GAS AND OIL 1981–DIVERSIFIED, an Arizona limited partnership; and Black Corporation, an Arizona professional association, Third-Party Defendants.

B & B MASONRY CO., et al., Plaintiffs,

v.

YOUNG, SMITH & PEACOCK, INC., et al., Defendants.

YOUNG, SMITH & PEACOCK, INC., et al., Third-Party Plaintiffs,

v.

CANYON STATE GAS AND OIL 1980–1 LIMITED PARTNERSHIP, and Black Corporation, an Arizona professional association, Third-Party Defendants.

Mary E. BREUNIG, et al., Plaintiffs,

v.

BUCKEYE PETROLEUM COMPANY, et al., Defendants.

YOUNG, SMITH & PEACOCK, INC., et al., Third-Party Plaintiffs,

v.

CANYON STATE GAS AND OIL 1980 DIVERSIFIED LIMITED PARTNERSHIP, and Black Corporation, an Arizona professional association, Third-Party Defendants.

No. 17914–CQ.

Supreme Court of Arizona,
En Banc.

July 2, 1985.

Streich, Lang, Weeks & Cardon by Frank
M. Placenti, Phoenix, for third-party plaintiffs.

Furth, Fahrner, Bluemle & Mason by
Robert L. Bluemle and John A. Titus, Phoenix, Furth, Fahrner, Bluemle & Mason by
Frederick P. Furth, Thomas R. Fahrner,
Charles P. Wolff, Jeffery A. Glick, and
Frederick J. Geonetta, San Francisco, Cal.,
Former Attys. for third-party plaintiffs.

Lewis & Roca by John P. Frank, Joseph
E. McGarry, Susan M. Freeman and Lizabeth G. Ellis, Phoenix, for third-party defendants Black Corp.

GORDON, Vice Chief Justice:

Judge Carl A. Muecke of the United
States District Court for the District of
Arizona has certified several questions of
law to this Court. These questions concern
the proper interpretation of the Uniform
Contribution Among Tortfeasors Act,
A.R.S. §§ 12–2501 to 12–2509 (1984) (hereafter "UCATA"). We have jurisdiction
pursuant to A.R.S. § 12–1861 and Rule 27,
Ariz.R.S.Ct., 17A A.R.S.

Young, Smith & Peacock (hereafter "YSP"), is an Arizona corporation and a registered securities dealer. It served as selling agent for limited partnerships formed in connection with Buckeye Petroleum Company (hereafter "Buckeye"), which promoted oil and gas drilling ventures in Arizona and elsewhere. Black Corporation [1] served as counsel for the limited partnerships.

Several lawsuits were commenced by some of the limited partners in the United States District Court in Arizona during 1983.[2] In their complaints, the plaintiffs sought relief under various federal securities laws. The plaintiffs also included pendent state claims in their complaints, seeking relief for violations of the Arizona Securities Act, the Arizona racketeering laws, the Arizona consumer fraud statute, common law fraud and misrepresentation, breach of fiduciary and other duties, negligence and other wrongdoing. YSP was one of the defendants named in the three complaints and Black Corporation was named as a defendant in one of those complaints.

During May and June of 1984, YSP filed third-party claims against Black Corporation in each of the cases. In addition to claiming rights of indemnity and contribution under federal law, YSP asserted common law indemnity and contribution on the pendent state law claims. On August 30, 1984 the newly enacted UCATA became effective in Arizona. Shortly thereafter YSP amended its third-party claims against Black Corporation to specifically seek relief under the provisions of that Act on the pendent state law claims. Its allegations were then designated as a cross-claim in the suit in which Black Corporation was a defendant.

Black Corporation subsequently filed motions to dismiss in each of the cases on the basis that YSP had no rights of indemnity or contribution under either federal or state law. After oral argument on November 19, 1984, the District Court dismissed the counts of YSP's third-party complaints and cross-claim for contribution under Federal law without prejudice, and the counts seeking indemnity under federal law with prejudice. It dismissed the counts for common law indemnity on the pendent State claims by order the following day. The Court did not rule on the remaining YSP claims for contribution under UCATA. Rather, it entered an order in each case severing and staying the YSP third-party claims and cross-claims pending a ruling by this Court on the State law questions certified to it.

There has not yet been any judgment or disposition on any of the underlying claims against YSP or Black Corporation.

*The Statutory Provision at Issue*

UCATA became effective on August 30, 1984. 1984 Ariz.Sess. Laws, Ch. 237. Section 3 of the Act provides that the provisions of the Act:

> ... only apply to actions filed on or after the effective date of this act.

*Questions of Law*

1A. Concerning a contribution claim, does the word "actions" in Section 3 of UCATA refer to the underlying tort action against the party seeking contribution or does it refer to the subsequent action brought for contribution by a defendant in the underlying action?

1B. Does the UCATA creation of a statutory contribution claim against a joint wrongdoer violate the retroactivity prohibition of A.R.S. § 1–244 and unconstitional-

---

**1.** Black Corporation is a law firm, whose confidentiality is maintained by use of a fictitious name pursuant to a November 30, 1984 court order.

**2.** [The district] court has ordered certification of identical questions in the three cases pending before it involving *Black Corporation, Dale Kriz,*

*et al. v. Buckeye Petroleum Company, Inc.,* et al., Cause No. Civ. 83–1418 PHX CAM; *B & B Masonry Co., et al., v. Young, Smith & Peacock, Inc.,* et al., Cause No. CIV 83–1578 PHX CAM; and *Mary E. Bruenig, et al. v. Buckeye Petroleum Company, Inc.,* et al., Cause No. CIV 83–2410 PHX CAM.

ly impair vested rights when the tort occurred and the tort suit was filed prior to the enactment of the statute?

1C. If a defendant in an underlying tort suit files a claim for contribution before the effective date of UCATA and subsequently amends its claim for contribution after the effective date of UCATA, is the amended claim for contribution barred?

2. Does the Arizona UCATA create a separate and distinct cause of action for contribution which does not accrue until after one of several joint tortfeasors has paid more than its share of their common liability?

*1A. The Meaning of "Actions" in Section 3*

■ Determining the meaning of "actions" in section 3 requires construing the statute in question. The cardinal rule of statutory construction is to ascertain the meaning of a statute and the intent of the legislature at the time the legislature acted. *Putvain v. Industrial Commission of Arizona,* 140 Ariz. 138, 680 P.2d 1199 (1984); *City of Phoenix v. Superior Court,* 139 Ariz. 175, 677 P.2d 1283 (1984). To arrive at legislative intent, this Court first looks to the words of the statute. *State ex*

*rel. Flournoy v. Mangum,* 113 Ariz. 151, 548 P.2d 1148 (1976).

■ Looking only to the word "action" in UCATA, we find no legislative intent indicating whether "actions" in section 3 means tort actions or contribution actions. Black Corporation argues, however, that the Legislature's use of "action" throughout UCATA's substantive provisions indicates that it means tort actions in section 3.[3] We disagree that the mere words of the statute indicate that "actions" in section 3 means tort actions only. Reviewing UCATA's substantive provisions, we find that "action" is used alternately throughout the Act to mean either tort actions or contribution actions. Nothing in UCATA reveals which of those meanings attaches to "actions" in section 3.

■ This conclusion, however, does not end our inquiry into the legislature's intent. We next read the Act as a whole, looking to its subject matter, effects and consequences, reason, and spirit. *State ex rel. Flournoy v. Mangum, supra.* Both parties to this action have argued their positions seemingly assuming that UCATA concerns only contribution among joint tortfeasors. Though entitled "Uniform Contribution Among Tortfeasors Act", the Act also contains a comparative negligence law.[4] Of the numerous states that have

---

3. In support of its argument, Black Corporation cites a memorandum decision of the District Court of the District of Arizona. Citing Rule 201, Ariz.R.Evid. 17A A.R.S., Black Corporation claims this Court can take judicial notice of this opinion. Citation to this memorandum decision is inappropriate under our rules. Rule 28(c), Ariz.R.Civ.App.P. 17A A.R.S. states:

**DISPOSITIONS AS PRECEDENT**

Memoranda decisions shall not be regarded as precedent *nor cited in any court* except for the purpose of establishing the defense of res judicata, collateral estoppel or the law of the case. (emphasis added.)

We will treat memorandum decisions from the federal district court the same as memorandum decisions of our state courts. Furthermore, we do not believe judicial notice of memorandum decisions is warranted by Rule 201, Ariz.R.Evid., 17A A.R.S.

We will give no consideration to the memorandum decision Black Corporation has cited.

4. Indeed, Arizona's UCATA more resembles the Uniform Comparative Fault Act than it does the

Uniform Contribution Among Tortfeasors Act. *See* Unif. Comparative Fault Act, 12 U.L.A. 39 (Supp.1985). This Act first provides for a "pure" comparative negligence law similar to Arizona's. The Act next sets out a contribution law, which, like Arizona's considers the tortfeasors' comparative degrees of fault in determining their pro rata share of contribution. *See* Unif. Comparative Fault Act, §§ 2, 4, 12 U.L.A. 39 (Supp.1985); A.R.S. § 12–2502, –2503, –2506.

Thus, the Legislature modified the Uniform Contribution Among Tortfeasors Act so that it could work in a comparative fault system. The National Conference of Commissioners on Uniform State Laws designed the Uniform Contribution Among Tortfeasors Act to work in a non-comparative fault system. *See* Unif. Comparative Fault Act, Prefatory Note, 12 U.L.A. 39 (Supp.1985). Thus, the Uniform Act provided for pro rata contribution shares based not upon comparative degrees of fault, but upon principles of equity. Unif. Contribution Among Tortfeasors Act, § 2, 12 U.L.A. 43 (1975). In addi-

adopted contribution statutes, Arizona is one of only two states to have included a comparative negligence act within its contribution act.[5] Thus, by enacting both contribution and comparative negligence within the same act, the Legislature revealed an intent that both principles work together in some fashion.

Indeed, a strong interdependence between contribution and comparative negligence in UCATA is amply demonstrated by examining several sections of the Act. A.R.S. § 12–2502 provides in relevant part:

"**§ 12–2502 Pro rata shares**

"In determining the pro rata share of tortfeasors in the entire liability:

1. Their *relative degrees of fault are the basis for allocation.* (emphasis added)

\* \* \* "

Further, A.R.S. § 12–2503(F.) provides in pertinent part:

"F. The judgment of the court in determining the liability of the several defendants to the claimant for an injury or wrongful death *is binding as among the defendants in determining their right to contribution. If the claimant's case is tried, the trier of fact shall apportion and determine the respective degrees of fault of the defendants to the action.*" (emphasis added)

Finally, A.R.S. § 12–2506 states in relevant part:

"A. The relative degree of fault of the claimant under § 12–2505 and the relative degrees of fault of all defendants under § 12–2503, subsection F *shall be determined and apportioned as a whole at one time by the trier of fact.*" (emphasis added)

A reading of these three sections, then, reveals an integral link between contribution and comparative negligence. That is, anytime a tort claimant's case is tried, the trier of fact shall determine the relative degrees of fault of the tort claimant and the defendant tortfeasors. A.R.S. § 12–2506. If a contribution action follows, the previous trier of fact determination regarding the defendant tortfeasors' degree of fault applies to that contribution action in determining the pro rata shares of the tortfeasors. A.R.S. §§ 12–2506, –2503 (F.), –2502(1). Thus, under the Legislature's statutory scheme, if a tort claimant's case goes to trial, no contribution action can occur unless the trier of fact has apportioned, at one time, the degrees of fault of the claimant and the tortfeasors.

We believe this statutory scheme reveals the meaning of "actions" in section 3: "actions" means only the underlying tort action. As stated above, no contribution action can occur following the trial of a tort action unless the trier of fact has determined the relative degrees of fault of all the parties. Thus, if the tort action is tried under pre-UCATA law, no comparative

---

tion, the Uniform Act has no provision for a comparative fault tort system.

5. *See, e.g.,* Alaska Stat. §§ 09.16.010 –09.16.060 (1983); Ark.Stat.Ann. §§ 34–1001 –34–1009 (1947); Cal.Code of Civ.Proc. §§ 875–880 (West Ann.1980); Colo.Rev.Stat.Ann. §§ 13–50.5–101 –13–50.5–106 (Supp.1984); Del.Code Ann. tit. 10 §§ 6301–6308 (1974); Fla.Stat.Ann. § 768.31 (West 1975); Hawaii Rev.Stat. §§ 663–11 –663–17 (1976); Md.Ann.Code, art. 50, §§ 16–24 (1957); Mass.Gen.Laws Ann. Ch. 231B §§ 1–4 (Supp.1985); Miss.Code Ann. § 85–5–5 (1972); Nev.Rev.Stat. §§ 17.225–17.305 (1973); N.J.Rev. Stat. §§ 2A:53A–1 –2A:53A–5 (1952); N.M.Stat. Ann. §§ 24–1–11 –24–1–18 (1953); N.Y. Civil Practice Law §§ 1401–1404 (McKinney 1976); N.C.Gen.Stat. §§ 1B–1 –1B–6 (1983); N.D.Cent. Code §§ 32–38–01 –32–38–04 (1976); Ohio Rev. Code Ann. §§ 2307.31 –2307.32 (1981); Pa.

Cons.Stat. §§ 8321 –8327 (1982); R.I.Gen.Laws §§ 10–6–1 –10–6–11 (1956); S.D. Codified Laws Ann. §§ 15–8–11 –15–8–22 (1984); Tenn.Code Ann. §§ 29–11–101 –29–11–106 (1980); Utah Code Ann. § 78–27–39 (1977).

The one exception our research reveals is Wyoming. Wyo.Stat. §§ 1–1–109 –1–1–113 (1977). This Act includes both a comparative negligence law and a contributory negligence law. Like Arizona, Wyoming determines the pro rata share of the tortfeasors' liability by considering their comparative fault.

Other states have both comparative negligence laws and contribution laws but not within the same Act. Even in those states, the contribution and comparative negligence laws are not interdependent as they are in Arizona. *See* discussion *infra.*

fault finding can be made, and no contribution action is possible. Further, unless the tort action is filed on or after UCATA's effective date, UCATA will not apply. Consequently, as the tort action must predate the contribution action, and as only UCATA tort actions which go to trial can decide comparative fault, "actions" in section 3 means only tort actions.

■ Any other interpretation would render §§ 12–2506 (A.) and 12–2503 (F.) meaningless. Suppose, for example, that we held that "actions" in section 3 also meant contribution actions. In such a case, a joint tortfeasor could file a contribution action after UCATA's effective date although both the tort and the filing of suit occurred prior to UCATA's adoption. The underlying tort suit, therefore, would apply pre-UCATA law. Under pre-UCATA law, the trier of fact makes no finding of the parties' comparative fault. What, then, would occur if a subsequent contribution action were allowed? Simply put, the clear requirements of §§ 12–2506(A.) and –2503(F.) that the trier of fact determine degrees of fault and that such a determination binds the parties in the contribution action would be ignored. We will not interpret a statute so as to render its provisions meaningless. *Peterson v. Flood,* 84 Ariz. 256, 326 P.2d 845 (1958).

The unique characteristics of Arizona's UCATA, therefore, convince us that the Legislature intended that "actions" in section 3 mean tort actions. Thus, though convincing in their own right, the cases YSP cites do not interpret statutes linking contribution and comparative negligence in the same act. *See, e.g., Augustus v. Bean,* 56 Cal.2d 270, 14 Cal.Rptr. 641, 363 P.2d 873 (1961); *Coniaris v. Vail Associates, Inc.,* 196 Colo. 392, 586 P.2d 224 (1978); *Village*

*of El Portal v. City of Miami Shores,* 362 So.2d 275 (Fla.1978).[6]

We do not hold that contribution actions can only occur after a tort suit goes to trial. It is clear under UCATA that a contribution action can follow settlement. A.R.S. § 12–2503 (D.) (1) and (2). *See also* Unif. Contribution Among Tortfeasors Act, § 3(d), comment (d), 12 U.L.A. 57 (1975).[7] We simply hold that by making contribution actions that follow tort actions which are tried dependent upon comparative fault findings in the tort trial, the Legislature evinced an intent that all of UCATA is applicable only to tort actions filed on or after UCATA's effective date.

## 1B. Retroactivity and Impairment of Vested Rights

Our interpretation of question 1A forecloses the possibility that one could seek contribution in a case where the underlying tort suit was filed prior to UCATA's effective date. Thus, the particular retroactivity problem raised in question 1B is not an issue in Arizona. At this time, we decline to decide whether it is permissible to proceed under UCATA where the tort occurred prior to UCATA but where the tort suit was filed after UCATA's effective date.

## 1C. Amendments of Pre-UCATA Contribution Claims

■ If the underlying tort suit is filed before UCATA, the joint tortfeasors cannot seek contribution under UCATA. Thus, a joint tortfeasor in a pre-UCATA tort action cannot make UCATA applicable by amending his contribution claim after UCATA's effective date.

**6.** Furthermore, we note that had Arizona adopted the Uniform Comparative Fault Act, 12 U.L.A. 39 (Supp.1985), we could hold that "actions" in section 3 also means contribution actions. The Comparative Fault Act allows a party to seek contribution even though the court in the previous tort action has not apportioned fault. *See* Unif. Comparative Fault Act, § 5(b), 12 U.L.A. 39 (Supp.1985). Arizona's UCATA, however, has no such provision.

**7.** Even in the case of a settlement, the tortfeasors' relative degrees of fault are the basis for allocating the pro rata shares of the tortfeasors in the contribution action. A.R.S. § 12–2502(1). Since there is no prior tort action, the determination of degrees of fault must be made in a separate contribution action.

## 2. Contribution as a Separate Action.

The Arizona UCATA creates a separate and distinct cause of action for contribution which does not accrue until after one of several joint tortfeasors has paid more than its share of the common liability. A.R.S. § 12–2501 (B.) provides:

"The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is compelled to make contribution beyond his own pro rata share of the entire liability."

A.R.S. § 12–2503(A.) provides:

"Whether or not judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced by separate action."

That contribution is a separate action is set forth in other sections of UCATA as well. See A.R.S. §§ 12–2503(C.), –2503(D.)(1) and (2).

Because a contribution action following a tort action that goes to trial depends upon comparative fault findings in the tort trial, however, the above conclusion does not alter our interpretation of question 1A.

HOLOHAN, C.J., and HAYS and CAMERON, JJ., concur.

Note: Justice STANLEY G. FELDMAN did not participate in the determination of this matter.