770 P.2d 339

**Barney JUNG, James R. Fiddler, Harry Thurston, d/b/a Harry Thurston's Saddle Shop; Lawrence L. Lake, Plaintiffs–Appellants,**

v.

**The CITY OF PHOENIX; William E. Korbitz, Director of the Phoenix Water and Wastewater Department, Defendants–Appellees.**

**No. 1 CA–CIV 8692.**

Court of Appeals of Arizona, Division 1, Department D.

Feb. 24, 1987.

Friedeman & O'Leary, Charles L. Eger by John Friedeman, Phoenix, for plaintiffs-appellants.

Roderick G. McDougall, Phoenix City Atty. by Jesse W. Sears, M. James Callahan, and Philip M. Haggerty, Asst. City Attys., Phoenix, for defendants-appellees.

Charles G. Ollinger, Paradise Valley, for amicus curiae Town of Paradise Valley.

## OPINION

EUBANK, Presiding Judge.

Appellants, customers of the Phoenix Water Department who live outside the Phoenix city limits, brought this action against appellees pursuant to 42 U.S.C. §§ 1983 and 1988 seeking damages and injunctive relief on the ground that their water rates were twice those charged to city residents. The City moved to dismiss appellants' complaint pursuant to Rule 12(b)(1), (2) and (6), Arizona Rules of Civil Procedure. The trial court granted the motion to dismiss and entered formal judgment for the City. The trial court later denied appellants' motion for new trial or reconsideration, and this appeal followed.

On appeal from the granting of a motion to dismiss for failure to state a claim upon

which relief may be granted, we assume that the allegations of the complaint are true. *Donnelly Construction Company v. Oberg/Hunt/Gilleland,* 139 Ariz. 184, 677 P.2d 1292 (1984); *Chirco Construction Co., Inc. v. Stewart Title and Trust of Tucson,* 129 Ariz. 187, 629 P.2d 1023 (App. 1981). Appellants' complaint alleged that at all times material to the litigation the City maintained two separate rate structures for water and standby fire prevention services, one for customers located within the geographic boundaries of Phoenix and, with two exceptions not material here, another for all customers outside those boundaries. Phoenix City Code §§ 37–63 and 37–64. The outside rates were alleged to be twice the inside rates.

The complaint further alleged that appellants represented a class composed of all persons subject to the outside rates who had received and paid for, or were currently receiving and paying for, water or standby fire prevention services at the outside rates. The complaint alleged that the City was the sole provider of water and standby fire prevention services within the physical boundaries of its water system, and that, as a practical matter, no other source of such services was available to the members of the class. The complaint also asserted that appellants and the members of the class had been "denied the opportunity for any meaningful participation in the enactment and implementation of the CITY'S water and standby fire prevention services rates ordinances."

The complaint additionally alleged that by enacting and implementing those ordinances, the City denied appellants and the members of the class their rights to due process of law and equal protection of the law pursuant to the fourteenth amendment to the United States Constitution. The complaint sought damages "equal to the amount by which the charges billed to them by the CITY under the authority of said ordinances exceeds the amount the CITY would have billed for similar services inside the CITY." The complaint also sought injunctive relief prohibiting the City from adopting, implementing or enforcing any water or standby fire prevention rate ordinances that discriminate among cus-

tomers based on their location within or outside Phoenix and from adopting, implementing or enforcing any such ordinance in a manner which does not afford due process of law to all affected customers. Finally, an award of attorney's fees was sought pursuant to 42 U.S.C. § 1988.

In dismissing appellants' complaint, the trial court reasoned:

The City contends that the Court lacks jurisdiction to review the reasonableness of water rates charged by the City to non-residents of the City and also contends that Plaintiffs have failed to comply with the procedural requirements of submitting a claim against the City. On the substantive issue, the City relies heavily on the Supreme Court case of *City of Phoenix v. Kasun,* 54 Ariz. 470 [97 P.2d 210] (1939) and subsequent cases citing *Kasun.* Plaintiffs argue that *Kasun* is distinguishable or that certain changes since *Kasun,* most notably a change in the Phoenix City Code and the enactment of ARS Section 9–516 in 1964, which should result in the conclusion that Plaintiffs' Complaint states a viable claim. Plaintiffs disclaim any intent to have the Court act as the rate-making authority for non-resident water users. However, in order to grant the relief requested by the Complaint, the Court would have to rule that the proper rate to be charged non-resident water users is the rate charged to resident water users. Thus, the Court would be setting the rate for non-resident water users.

Based upon a review of the applicable precedents, *the Court is convinced it lacks such rate-making authority or jurisdiction notwithstanding the requirements imposed upon the municipalities by ARS Section 9–516.* Accordingly, IT IS ORDERED granting Defendants' Motion to Dismiss the Complaint. Having reached this conclusion, it is unnecessary for the Court to decide whether the Plaintiffs have complied with the procedural requirements for bringing this claim. (Emphasis added).

Initially, we disagree with the trial court concerning the scope and effect of *City of Phoenix v. Kasun,* 54 Ariz. 470, 97 P.2d

210 (1939). In that case the City of Phoenix adopted an ordinance increasing the water rates to be charged to water consumers outside the city limits of Phoenix. Plaintiffs, who were affected by the ordinance, brought an action seeking to enjoin its enforcement. The theory of the complaint was that the ordinance raising the outside water rate was void because the amount sought to be charged was "exorbitant, excessive, oppressive, unreasonable and confiscatory." 54 Ariz. at 472, 97 P.2d at 211. The trial court denied the City's motion to dismiss the complaint and issued a temporary injunction prohibiting the collection of water charges pursuant to the ordinance. On appeal by the City, the Arizona Supreme Court reversed, holding that the trial court lacked jurisdiction to review the challenged water rates. The court noted it was established that a municipality had the right to sell water to consumers residing both within and outside the city, and that in doing so it was subject to rate regulation only by the legislature and not by the Arizona Corporation Commission. The court stated:

> Was the service which the City of Phoenix rendered to plaintiffs and those in like situation with them, based upon contract or law? If it was based upon a legal right, regardless of contract, by all the decisions the courts may determine whether the terms on which he obtains this service are reasonable or not. On the other hand, if his right to receive service is based solely on a voluntary contract with the City, then that contract is subject to review by the courts only in the same manner as any other private contract, and it is not for them to determine whether its provisions are arbitrary, unreasonable or discriminatory.

54 Ariz. at 476, 97 P.2d at 213. The court concluded:

> After a careful consideration of all the authorities, *we are of the opinion that the controlling factors in the present case are that the City was under no obligation, as a matter of law, to furnish any service to the plaintiffs; that the relationship between them was purely contractual* in its nature, and that such being the case, *the reasonable-ness or unreasonableness of the rates fixed by the contract* are not subject to review by the court. The only right which it has under the circumstances is to determine whether the city is complying with the terms of its contract, since there is no allegation that there was any fraud in its inception.

> As we have stated in the *City of Phoenix v. Wright, supra* [52 Ariz. 227, 80 P.2d 390 (1938)], the remedy of the outside consumer, in a case like this, is an appeal to the political authority, such as the legislature or the voters of the state, or a refusal to accept the service on the terms offered by the City. (Emphasis added).

54 Ariz. at 480, 97 P.2d at 214.

Thus, the *Kasun* court based its decision on contract as opposed to a legal duty imposed on the city by law. As noted in the trial court's dismissal, the state legislature enacted the Declaration of Public Policy, A.R.S. § 9–516, in 1964. (Actually, it was enacted in 1960 (Laws 1960, ch. 111 § 1) and amended in 1964 (Laws 1964, ch. 144 § 1)). The 1964 amendment added subparagraph (C) which reads:

> C. *A city or town* acquiring the facilities of a public service corporation rendering utility service without the boundaries of such city or town, or *which renders utility service without its boundaries, shall not discontinue such service, once established, as long as such city or town owns or controls such utility.* A city or town which renders utility service outside of its boundaries as prescribed by this subsection shall not be prohibited from selling a part of its utility operation to another utility which operates under regulations prescribed by law. (Emphasis added).

The legislative intent is expressed in the Title to the 1964 amendment as follows: RELATING TO CITIES AND TOWNS; *DECLARING A PUBLIC POLICY* IN RELATION *TO CITIES* AND TOWNS *ENGAGING IN BUSINESS AS PUBLIC UTILITIES; PROVIDING FOR THE CONTINUATION OF SERVICE* AND PERMISSION TO SELL A PART OF ITS UTILITY OPERATION, AND AMENDING SECTION 9–516, ARI-

ZONA REVISED STATUTES. (Emphasis added).

Based on the language of subsection (C) and the Title to the amendment, it is clear to us that the legislature intended to grant a right to those persons living outside the boundaries of a city, who are users of a city's water service, to require the continuation of such water service by the City once it has been established. Such a public policy did not exist at the time *City of Phoenix v. Kasun, supra,* was decided. Now, an obligation to furnish continued water services to appellants exists by virtue of A.R.S. § 9–516(C) and the *City of Phoenix v. Kasun, supra,* is inapplicable to the claims asserted here by appellants.

The judgment of dismissal is reversed and this matter is remanded to the trial court for further proceedings.

GRANT and HAIRE, JJ., concur.