756 P.2d 925

Gordon L. NIKOLOUS and Helen Niko-
lous, husband and wife, and Tanner
Southwest, Inc., an Arizona corpora-
tion, Petitioners,

v.

SUPERIOR COURT of the State of Arizo-
na, In and For the COUNTY OF MARI-
COPA, Honorable Marilyn Riddel, a
Judge thereof, Respondent Judge,

Clarence R. LUDEKE, a single man,
and the City of Phoenix, Real
Parties in Interest.

No. CV–87–0095–PR.

Supreme Court of Arizona,
En Banc.

June 21, 1988.

Robbins & Green, P.A. by Robert H.
Green, Robert L. Baumann, Phoenix, for
petitioners.

Law Office of Dennis P. Levine by Den-
nis P. Levine, Phoenix, for real party in
interest Clarence R. Ludeke.

Jones, Skelton & Hochuli by William R.
Jones, Jr., Najia M. Kerrin, Phoenix, for
real party in interest City of Phoenix.

Gallagher & Kennedy by W. Charles
Thomson III, Thomas A. Maraz, Phoenix,
for amicus curiae Phoenix Ass'n of De-
fense Counsel.

Molloy, Jones & Donahue, P.C. by Mi-
chael J. Meehan, Tucson, and Latham &

Watkins (of counsel) by Ernest J. Getto, Linda M. Inscoe, Los Angeles, Cal., for amicus curiae Hughes Aircraft Co.

FELDMAN, Vice Chief Justice.

Defendants ask us to reverse the trial court's dismissal of their third-party complaint. The question before us is whether a tort defendant can implead a third party who eventually may become liable to the defendant for contribution under the Uniform Contribution Among Tortfeasors Act, A.R.S. § 12–2501 *et seq.* We granted review to resolve this issue of first impression. Rule 23, Ariz.R.Civ.App.P., 17B A.R.S.; Rule 8(b), Ariz.R.P.Spec.Act., 17B A.R.S. We have jurisdiction under Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

### FACTUAL AND PROCEDURAL SUMMARY

The essential facts are undisputed. On January 14, 1984, while driving a Tanner Southwest, Inc. company truck, Gordon Nikolous collided with plaintiff Clarence Ludeke's car. Ludeke suffered personal injuries and sued Nikolous and Tanner (defendants) for negligence in Maricopa County Superior Court. In May 1986, defendants filed an administrative claim with and against the City of Phoenix (City), pursuant to A.R.S. § 12–821(A), alleging a right of contribution because a City fire truck had negligently caused the January accident by a turn which created a "sudden emergency situation." When the City did not act on the claim within sixty days, defendants filed a third-party claim against the City on September 3, 1986. *See* A.R.S. § 12–821(C).

In their third-party complaint, defendants sought indemnity and contribution from the City in the event they were held liable to plaintiff in the primary action. Defendants based their contribution claim on the Uniform Contribution Among Tortfeasors Act (UCATA), A.R.S. §§ 12–2501 *et seq.* The City answered and moved for summary judgment on the grounds that the applicable statutes of limitations barred the complaint, there was no right of indemnity under the facts of the case and claims

for contribution had not yet accrued under *Kriz v. Buckeye Petroleum Co.*, 145 Ariz. 374, 701 P.2d 1182 (1985). The trial court granted the City's motion for summary judgment on the indemnity count and dismissed defendants' contribution claim without prejudice because it was "premature." The court then set the case for trial.

Defendants brought a special action before the court of appeals seeking review of the dismissal of their contribution claim. That court accepted jurisdiction. Acknowledging that there were strong arguments in defendants' favor, the court nevertheless believed it was "precluded" from granting relief by the holding in *Kriz.* The court of appeals stayed the trial to allow defendants time to seek review. We granted defendants' subsequent petition for review.

### THE ISSUE

Although the parties formulate the issue in different ways, the fundamental question in this case is whether, under UCATA, defendants may file a third-party action for contribution before the contribution claim actually accrues.

### DISCUSSION

#### A. The Right of Contribution

■ In Arizona, contribution is statutory. *See Holmes v. Hoemako Hospital*, 117 Ariz. 403, 405, 573 P.2d 477, 479 (1977). The legislature created a new, separate and distinct right of contribution when it enacted the UCATA in 1984. As we held in *Kriz*, the cause of action for contribution does not actually accrue until one of several joint tortfeasors pays more than its pro-rata share of the common liability. 145 Ariz. at 380, 701 P.2d at 1188; A.R.S. § 12–2501(B).

#### B. The Impact of Rule 14(a)

According to the City, because the cause of action for contribution does not really exist before a tortfeasor pays more than its prorata share, and defendants have not yet paid *any* share, defendants have no contribution rights to assert in a third-party action. The UCATA does not, in fact, specifi-

cally provide that a tortfeasor may implead potential contributors *before* he or she has paid anything to the alleged victim. Conversely, the statute contains no explicit prohibition on such a procedure.

On the other hand, Rule 14(a), Ariz.R. Civ.P., 16 A.R.S., specifically allows a defendant to bring a claim against third parties based solely on "contingent" liability. In pertinent part, Rule 14(a) provides:

> At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.*

(Emphasis added.)

■ Rule 14(a) was undoubtedly primarily intended to cover indemnity claims. However, the rule is not limited to indemnity. *See, e.g., Jobe v. King*, 129 Ariz. 195, 197, 629 P.2d 1031, 1033 (App.1981). The circumstances under which a defendant may assert a third-party claim under Rule 14(a) are very broad. *See, e.g.,* 3 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 14.11 (1984). The third-party plaintiff need only allege some basis indicating the third-party defendant may become liable for some part of the relief which plaintiff may obtain from the defendant/third-party plaintiff. *Chirco Construction Co. v. Stewart Title & Trust of Tucson*, 129 Ariz. 187, 189, 629 P.2d 1023, 1025 (App. 1981). Of course, Rule 14(a) does not itself create any right of indemnity, reimbursement or contribution, "but where there is a substantive basis for such right, the rule expedites the presentation and in some instances, accelerates the accrual of such right." *Ewing v. Goettl's Metal Products Co.*, 116 Ariz. 484, 487, 569 P.2d 1382, 1384 (App.1977). The fact that the right of contribution might not exist or become enforceable by direct action until payment of more than the pro rata share of liability does not conflict with the language or intent of Rule 14(a).

By enacting UCATA, the legislature gave defendants a substantive right to seek contribution if they were forced to pay more than their prorata share of the common liability of all tortfeasors. *Kriz*, 145 Ariz. at 380, 701 P.2d at 1188. Once the legislature created the substantive right, the judiciary was responsible to establish and supervise the procedures for vindicating that right. Ariz. Const. art. 6, § 5(5); *State ex rel. Collins v. Seidel*, 142 Ariz. 587, 591, 691 P.2d 678, 682 (1984).

■ We believe that Rule 14(a) allows a defendant to implead all alleged joint tortfeasors, even though the defendant's claim against them does not accrue until after the time of impleading. Rule 14(a) was designed to promote the interests of judicial economy and efficiency by permitting the procedural assertion of just such contingent or inchoate claims. It is precisely this type of consolidated proceeding which is "the most orderly and logical method" to establish the common liability which is the substantive basis of the right of contribution. *Markey v. Skog*, 129 N.J.Super. 192, 200, 322 A.2d 513, 517 (Law Div.1974) (defendant allowed to implead third-party defendant under New Jersey's UCATA). The same is true, of course, for establishing the share of damages to be paid by each of the joint tortfeasors. Thus, although UCATA does not provide for impleading, we conclude that Rule 14(a) governs and permits its procedural implementation. Ariz. Const. art. 6, § 5(5).

We note that the overwhelming weight of authority in other jurisdictions supports the use of Rule 14(a) third-party practice to settle contribution shares in the same action determining plaintiff's claim. *See generally* Annotation, *Right of defendant in action for personal injury or death to bring in joint tortfeasor for purpose of asserting right of contribution*, 11 A.L. R.2d 228 (1950); Annotation, *Uniform Contribution Among Tortfeasors Act*, 34 A.L.R.2d 1107, at § 5 (1954). *See also* 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1448 (1971).

## C. Public Policy

Despite the clear language of Rule 14(a), the City argues that public policy should

impel us to construe the rule and the statute to prohibit defendants from joining third parties who eventually may be found liable to make contribution under UCATA. According to the City, a plaintiff must have the unfettered right to maintain a lawsuit as he or she sees fit, without the confusion, complications, delays, costs and litigation burdens inherent in the proposed use of Rule 14(a). On the other hand, defendants assert that impleading third parties who are potentially liable for contribution will eliminate duplication of evidence, save time, reduce judicial effort and lower costs, thereby promoting the efficient and just resolution of the entire tort action. Defendants argue that whatever additional burdens this might impose on the plaintiff will be more than offset by the efficiency of determining liability and percentages of fault in a single action.

We share the City's concern that Rule 14(a) could be abused in UCATA cases to enmesh the plaintiff in a web of litigation and cross-litigation spun by the defendant. However, we also agree with defendants' contention that the wise use of third-party practice in UCATA situations could often conserve judicial resources and measurably advance the overall tort goals of fairness and accountability. We believe that no bright line rule should be drawn and that the answer to this dilemma lies in Rule 14(a) itself.

D. Discretion Under the Rule

Under Rule 14(a), a defendant seeking to bring in a third party "must obtain leave on motion upon notice to all parties to the action," unless he files the third-party complaint not later than ten days after filing the original answer. As a practical matter, many third-party complaints will not be filed in this short time frame. Therefore, at the outset of many third-party actions the trial court will have discretion to determine the advisability of permitting the impleader procedure.

Moreover, even after service of the third-party complaint, Rule 14(a) provides that "[a]ny party may move to strike the third-party claim, or for its severance or separate trial." The state bar committee note to Rule 14(a) suggests the flexible scope of the trial court's discretion in implementing the rule:

> After the third-party defendant is brought in, the court has discretion to allow the impleader to stand or dismiss it, or to sever it or accord it separate trial. This discretion, applicable not merely to the cases covered by the amendment where the third-party defendant is brought in without leave, but to all impleaders under the rule is emphasized in [the words] of the rule.... It includes the power to strike a third-party complaint filed without leave for any reason for which leave might have been denied in the first instance.

State Bar Committee Note, 1963 Amendment, Rule 14(a), Ariz.R.Civ.P., 16 A.R.S., at 141.

■ Therefore, the trial court has the ability to control the procedure governing third-party practice under Rule 14(a) in contribution claims under UCATA. We suggest that the trial court consider the nature of the evidence, the merits and probable success of the proposed third-party action, the need of the defendants and the benefit to the judicial system in resolving liability and contribution issues in one action. Balanced against this is plaintiff's need to manage the risks of delay, of confusing the jury, and the additional procedural and financial burden to the plaintiff if his narrow choice of defendants is expanded by a shotgun blast of contribution claims. The final decision must be a balance of these and similar competing practical and equitable considerations. Thus, the trial court's rulings in this area necessarily require the exercise of discretion.[1] *See State v. Chapple*, 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 n. 18 (1983) (analysis of discretionary standard).

---

**1.** We reserve judgment on whether, in the future, a plaintiff's choice of parties defendant will be binding on defendants in those cases to be governed by the recent legislative action to abolish the traditional theory and practice of joint and several liability in Arizona. *See* A.R.S. § 12-2506; 1987 Ariz.Sess.Laws ch. 1, at 1–3.

## CONCLUSION

We vacate the order of the court of appeals and remand this case to superior court. The portion of the trial court's order dismissing the third-party claim for contribution is vacated. On remand, the trial court may, in its discretion, allow the proposed third-party complaint to proceed.

GORDON, C.J., and CAMERON, HOLOHAN and MOELLER, JJ., concur.