750 P.2d 874

**STATE of Arizona, Appellant,**

v.

**Joseph Frank TOCCO, Appellee.**

**No. CR–87–0032–PR.**

Supreme Court of Arizona,
En Banc.

Feb. 23, 1988.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser, Cameron H. Holmes, Asst. Attys. Gen., Phoenix, for appellant.

Slaton Law Offices by Sandra Lynn Slaton, Phoenix, for appellee.

JOHN M. ROLL, Judge, Court of Appeals.

Joseph Frank Tocco was named as defendant in a 13–count amended information. The amended information included one count of leading organized crime in violation of A.R.S. § 13–2308 and various other counts.[1]

The trial court concluded that prior to its 1985 amendment, A.R.S. § 13–2308 was unconstitutionally vague and granted Tocco's motion to dismiss. The trial court's ruling was based upon *Kolender v. Lawson,* 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). The state appealed the trial court's ruling and the Court of Appeals concluded that A.R.S. § 13–2308 was not unconstitutionally vague and reversed the trial court. *State v. Tocco,* 156 Ariz. 110, 750 P.2d 868 (App.1986). Tocco now petitions this court for review. This court has jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. §§ 12–102, 13–4031 and –4033. For the reasons set forth below, we affirm the decision of the Court of Appeals.

1. The leading organized crime charge has been severed from all other counts of the amended information. Other counts included illegally conducting an enterprise, conspiracy to pander and receive the earnings of a prostitute, obstructing a criminal investigation, conspiracy to pander and receive the earnings of a prostitute, filing false Arizona sales tax monthly reports, conspiracy to commit fraudulent schemes and artifices, conspiracy to rob, and conspiracy to commit burglary.

## ISSUES ON APPEAL

Tocco contends that A.R.S. § 13-2308 is unconstitutionally vague because (1) prior to the 1985 amendment, A.R.S. § 13-2308(A)(1) contained insufficient scienter requirement, and (2) the definition of criminal syndicate is imprecise.

## SCIENTER REQUIREMENT

■ A legislative enactment is unconstitutionally vague if it fails to give persons of ordinary intelligence reasonable opportunity to know what is prohibited and fails to provide explicit standards for those who apply it. *Grayned v. City of Rockford*, 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222, 227–228 (1972); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 163, 92 S.Ct. 839, 843, 31 L.Ed.2d 110, 115 (1972).

When Tocco allegedly violated A.R.S. § 13-2308(A)(1), that portion of the statute provided:

A. A person commits leading organized crime by:

1. Intentionally organizing, managing, directing, supervising or financing a criminal syndicate ...

A.R.S. § 13-2301(C)(2), which defines criminal syndicate, provides:

'Criminal Syndicate' means any combination of persons or enterprises engaging, or having the purpose of engaging, on a continuing basis in conduct which violates any one or more provisions of any felony statute of this state.

In 1985 A.R.S. § 13-2308(A)(1) was amended and now reads:

A. A person commits leading organized crime by:

1. Intentionally organizing, managing, directing, supervising or financing a criminal syndicate with the intent to promote or further the criminal objectives of the syndicate ...

Tocco argues that prior to its amendment in 1985, A.R.S. § 13-2308(A)(1) lacked a requirement that any individual who organized, managed, directed, supervised, or financed a criminal syndicate do so with the intent of promoting or furthering the criminal objectives of the syndicate and therefore innocent activity could be a violation of the leading organized crime statute. Tocco maintains that the 1985 amendment provided the essential scienter requirement previously lacking.

The trial court agreed with Tocco that *Kolender, supra,* mandates that A.R.S. § 13-2308(A)(1), prior to its 1985 amendment, be declared unconstitutional. *Kolender* involved a California statute which required persons who loiter or wander on the streets to provide credible and reliable identification. The Supreme Court concluded that the statute vested the police with complete discretion to decide what constituted credible and reliable identification and, therefore, to decide when the statute was violated. Because we believe that the pre-1985 version of A.R.S. § 13-2308(A)(1) does contain the appropriate scienter requirement, *Kolender* does not require that the statute be declared unconstitutionally vague.

Tocco also relies upon *State v. Young*, 62 Ohio St.2d 370, 406 N.E.2d 499 (1980), in which the Ohio Supreme Court held that an Ohio organized crime statute which outlawed specific activities done "with purpose to establish or maintain a criminal syndicate or to facilitate any of its activities" was unconstitutionally vague.[2] However, the scienter element of the Ohio statute was not limited to activities undertaken to facilitate the *illegal* activities of a criminal syndicate, and encompassed any activity performed on behalf of the syndicate, even a legal responsibility such as reporting income for federal tax purposes.

■ Unlike the Ohio statute voided in *Young*, A.R.S. § 13-2308 does not make punishable lawful activities performed on behalf of a criminal syndicate. A.R.S. § 13-2308 prohibits intentionally organizing, managing, directing, supervising, or financing a combination of persons or enterprises with the intent to engage on a continuing basis in felonious conduct. This interpretation is implicit in A.R.S. §§ 13-

2. Three of the seven members of the Ohio Supreme Court dissented in Young.

2301 and 13–2308 and is mandated by A.R.S. § 13–202(A).[3]

Nor are we persuaded by Tocco's contention that the 1985 amendment is a legislative acknowledgement of a deficiency in the statute. The amendment, rather than constituting a clear and distinct change, is actually a clarification of the legislature's intent. *State v. Sweet*, 143 Ariz. 266, 271, 693 P.2d 921, 926 (1985).

## CRIMINAL SYNDICATE

Tocco also claims that A.R.S. § 13–2308(A)(1) is unconstitutionally vague because the term "criminal syndicate" is not defined with precision in A.R.S. § 13–2301(C)(2). Tocco argues that the language "one or more provisions of any felony statute" is too broad to be meaningful, and that the phrase "engaging ... on a continuing basis" is impermissibly vague. We are first compelled to address the matter of Tocco's standing to challenge the constitutionality of this statute.

■ Tocco argues that the statute may be applied overbroadly and those who have engaged in only sporadic or intermittent, rather than continuing, conduct could be charged and convicted. This is true, but overbreadth attacks are directed to the application rather than to the facial validity of the statute and therefore may be mounted only by a defendant who has standing— that is, one whose conduct is within the ambiguous area. A defendant whose conduct is clearly proscribed by the core of the statute has no standing to attack the statute. "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 2561–2562, 41 L.Ed.2d 439, 458 (1974). *See also Broadrick v. Oklahoma*, 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830, 839 (1973). Nowhere does Tocco claim that *his* potentially innocent conduct is being prosecuted. Accordingly, we conclude that Toc-

co lacks standing to challenge the constitutionality of the statute.

■ However, even if we were to allow Tocco to surmount his standing problem, we find no merit in the substance of the constitutional challenge. The language "one or more provisions of any felony statute" is sufficiently precise. The federal Continuing Criminal Enterprise statute, 21 U.S.C. § 848, provides for the punishment of *any individual who violates any provisions of two subchapters of the Comprehensive Drug Abuse Prevention and Control Act* as part of a continuing series of violations of the two subchapters undertaken in concert with five or more persons over whom the individual exercises a position of management. This statute has repeatedly withstood challenges that it is unconstitutionally vague. *See, e.g., United States v. Valenzuela*, 596 F.2d 1361, 1366 (9th Cir.1979), and cases cited therein. The phrase "continuing basis" has an ascertainable common meaning and refers to a course of conduct involving a series of transactions over a period of time, see, *State v. Marie*, 200 N.J.Super. 424, 491 A.2d 784 (1984) as opposed to "a solitary incident of unreflected spontaneity," *State v. Bender*, 80 N.J. 84, 402 A.2d 217, 223 (1979), or otherwise isolated and unrelated conduct. We find the language of A.R.S. § 13–2301(C)(2) is sufficiently precise as to avoid criminalizing entirely innocent behavior.

There is a strong presumption supporting the constitutionality of any legislative enactment. *State v. Ramos*, 133 Ariz. 4, 648 P.2d 119 (1982). The party challenging the validity of a statute has the burden of overcoming that strong presumption. *Eastin v. Broomfield*, 116 Ariz. 576, 580, 570 P.2d 744, 748 (1977). We are charged with the responsibility of giving a statute a constitutional construction whenever possible. *Mardian Construction Co. v. Superior Court*, 113 Ariz. 489, 493, 557 P.2d 526, 530 (1976). Nor is it our responsibility to de-

---

**3.** A.R.S. § 13–202(A) provides:

    If a statute defining an offense precribes a culpable mental state that is sufficient for commission of the offense without distin-

guishing among the elements of such offense, the prescribed mental state shall apply to each such element unless a contrary legislative purpose plainly appears.

clare invalid for vagueness every statute which we believe could have been drafted with greater precision. *State v. Jacobs*, 119 Ariz. 30, 32–33, 579 P.2d 68, 70–71 (App.1978).

We conclude that A.R.S. § 13–2308(A)(1), prior to its amendment in 1985, is not unconstitutionally vague. We also conclude that the definition of criminal syndicate is not unconstitionally vague. The opinion of the Court of Appeals is approved as supplemented by this court's opinion, and the judgment of the superior court dismissing count one of the amended information is reversed. The matter is remanded to the superior court for further proceedings consistent with the opinion.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.

JAMES MOELLER, J., did not participate in this decision; pursuant to Ariz. Const. Art. 6, § 3, JOHN M. ROLL, Judge, Court of Appeals, Division Two was designated to sit in his stead.