829 P.2d 345

Robert Paul NORTON, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Robert L. Gottsfield, a judge thereof, Respondent Judge.

STATE of Arizona, ex rel., Grant WOODS, Arizona Attorney General, Real Party in Interest.

No. 1 CA–SA 91–044.

Court of Appeals of Arizona, Division 1, Department C.

March 31, 1992.

Grant Woods, Atty. Gen. by Verda A. Holland, Asst. Atty. Gen., Phoenix, for respondent real party in interest.

Dean W. Trebesch, Maricopa County Public Defender by Nicholas S. Hentoff, Deputy Public Defender, Phoenix, for petitioner.

## OPINION

FIDEL, Judge.

Petitioner was charged with failure to pay reasonable child support, a class six felony, in violation of Ariz.Rev.Stat.Ann. ("A.R.S.") § 12–2458 (Supp.1991).[1] In a motion to dismiss, he argued that portions of that statute unconstitutionally shifted the burden of persuasion from the State to the defendant. Although the trial court agreed, it denied petitioner's motion to dismiss, finding that the unconstitutional portions were severable and that the remainder was not unconstitutionally vague. Petitioner sought review by special action. After hearing oral argument, we accepted jurisdiction of petitioner's severability challenge, denied relief, and declined to accept jurisdiction on the vagueness issue. We explain our order in this opinion.

## JURISDICTION

Because petitioner's two constitutional arguments present separate and distinct issues, we consider special action jurisdiction separately for each.

■ The first issue concerns two statutory provisions that the State concedes are unconstitutional. In reviewing their sever-

---

**1.** Section 12–2458 provides:

A. Any parent of a minor child who knowingly fails, without lawful excuse, to furnish reasonable support for his or her child is guilty of a class 6 felony.

B. Proof of the failure by such parent to furnish reasonable support for his or her child is prima facie evidence that such failure to furnish reasonable support is wilful and without lawful excuse.

C. The court, in determining the culpable mental state of the parent who fails to support his or her child, shall consider all assets, earnings and entitlements of such parent. The court shall presume in the absence of contrary testimony that the noncustodial parent is capable of full-time employment at least at the federal adult minimum wage. This presumption does not apply to noncustodial parents under the age of eighteen who are still attending high school.

ability, we decide a purely legal question and one of statewide importance. We conclude that the issue is both ripe and appropriate for special action jurisdiction. *See City of Phoenix v. Superior Court,* 158 Ariz. 214, 216, 762 P.2d 128, 130 (App. 1988).

 We reach the opposite conclusion concerning petitioner's argument that the remainder of the statute is unconstitutionally vague.[2] That argument entails mixed questions of law and fact. When a criminal statute does not implicate the First Amendment, the question whether it is unconstitutionally vague is generally determined by examining its application to the facts of the case at hand. *State v. Tocco,* 156 Ariz. 110, 113, 750 P.2d 868, 871 (App. 1986) (citing *United States v. Powell,* 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975)), *affirmed as supplemented,* 156 Ariz. 116, 750 P.2d 874 (1988); *see also Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495 n. 7, 102 S.Ct. 1186, 1191 n. 7, 71 L.Ed.2d 362 (1982) (citing *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975)). Although an exception applies when a statute is so vague that it is wholly insusceptible to constitutional construction, *Tocco,* 156 Ariz. at 113, 750 P.2d at 871, the vagueness issue in this case is one best tested in the solid context of the facts. Accordingly, at this stage of the proceedings, when no fact-finding has been done, we conclude that the vagueness issue is not ripe.

### BURDEN SHIFTING

 The presumption of a criminal defendant's innocence is an " 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law.' " *In re Winship,* 397

U.S. 358, 363, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970) (quoting *Coffin v. United States,* 156 U.S. 432, 453, 15 S.Ct. 394, 403, 39 L.Ed. 481 (1895)). The presumption of innocence is enforced by the requirement, grounded in the Due Process Clause of the Fourteenth Amendment to the United States Constitution, that the State must prove every element of a crime beyond a reasonable doubt. *See Mullaney v. Wilbur,* 421 U.S. 684, 704, 95 S.Ct. 1881, 1892, 44 L.Ed.2d 508 (1975); *Winship,* 397 U.S. at 364, 90 S.Ct. at 1073; *State v. Hall,* 136 Ariz. 219, 221, 665 P.2d 101, 103 (App. 1983). A statute that shifts to a criminal defendant the burden of persuasion on an element of an offense violates that principle. *See, e.g., Hicks ex rel. Feiock v. Feiock,* 485 U.S. 624, 637–38, 108 S.Ct. 1423, 1432–33, 99 L.Ed.2d 721 (1988). The State conceded, and the trial court held that two provisions in section 12–2458 unconstitutionally shift this burden.

Section 12–2458(B) provides:

Proof of the failure by such parent to furnish reasonable support for his or her child is prima facie evidence that such failure to furnish reasonable support is wilful and without lawful excuse.

This provision establishes a mandatory, though rebuttable, presumption that a parent who fails to support his or her child possesses the requisite intent for the offense. *See Francis v. Franklin,* 471 U.S. 307, 314, 105 S.Ct. 1965, 1971, 85 L.Ed.2d 344 (1985) ("A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts."); *Silva v. Traver,* 63 Ariz. 364, 367–68, 162 P.2d 615, 617 (1945) (Prima facie evidence of a fact constitutes a rebuttable presumption to be applied in the absence of contrary evidence.), *overruled on*

---

2. Section 12–2458, as excised, provides that:
 A. Any parent of a minor child who knowingly fails, without lawful excuse, to furnish reasonable support for his or her child is guilty of a class 6 felony.
 C. The court, in determining the culpable mental state of the parent who fails to support his or her child, shall consider all assets, earnings and entitlements of such parent.

Petitioner contends that the statute is unconstitutionally vague because it makes criminal the failure to furnish "reasonable" support. Petitioner argues that because "reasonable" support is not defined in the statute, the statute fails to provide notice to parents about the conduct that is proscribed.

*other grounds, Reed v. Hinderland,* 135 Ariz. 213, 219, 660 P.2d 464, 470 (1983).

 Our constitutional commitment to the presumption of innocence requires careful scrutiny of criminal statutes embodying presumptions favorable to the State. Analysis turns on the nature of the presumption. *See Sandstrom v. Montana,* 442 U.S. 510, 514, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39 (1979). Conclusive or irrebuttable presumptions unconstitutionally relieve the State of its burden of proof. *See id.* at 523, 99 S.Ct. at 2459. Permissive inferences that the trier of fact may freely disregard are acceptable, if reasonable, as they do not shift the burden of proof or the burden of persuasion. *See Francis,* 471 U.S. at 314, 105 S.Ct. at 1971; *Ulster County Court v. Allen,* 442 U.S. 140, 157, 99 S.Ct. 2213, 2225, 60 L.Ed.2d 777 (1979). Between these poles lie mandatory rebuttable presumptions, which "violate the Due Process Clause if they relieve the State of the burden of *persuasion* on an element of an offense." *Francis,* 471 U.S. at 314, 105 S.Ct. at 1971 (emphasis added); *accord Carella v. California,* 491 U.S. 263, 265–66, 109 S.Ct. 2419, 2420, 105 L.Ed.2d 218 (1989) (per curiam); *Hicks,* 485 U.S. at 637–38, 108 S.Ct. at 1432–33; *Sandstrom,* 442 U.S. at 524, 99 S.Ct. at 2459; *State v. Mohr,* 150 Ariz. 564, 567–69, 724 P.2d 1233, 1236–38 (App.1986); *State v. Forrester,* 134 Ariz. 444, 450, 657 P.2d 432, 438 (App. 1982).

 The State has conceded that section 12–2458(B) unconstitutionally shifts the burden of persuasion to defendant on the crucial element of intent. By enabling the State to rest on proof of failure to furnish reasonable support, the statute requires defendant to affirmatively disprove that his failure was willful and without lawful excuse.

The State has also conceded that the objectionable portion of section 12–2458(C) unconstitutionally shifts the burden of persuasion to defendant on the issue of capacity by requiring the factfinder to "presume in the absence of contrary testimony that the noncustodial parent is capable of full-time employment."

## SEVERABILITY

Petitioner argues that, as a consequence of these statutory infirmities, this prosecution must be dismissed. The State responds that it suffices to sever the unconstitutional portions of the statute from the remainder. We agree.

 Courts need not declare an entire statute unconstitutional if the constitutional portions can be severed. *State v. Wagstaff,* 164 Ariz. 485, 493, 794 P.2d 118, 126 (1990). Petitioner argues from the absence of a severability provision that the statute is an unseverable whole. However, Arizona courts have held numerous statutes severable despite the absence of a severability clause. *See, e.g., State v. Prentiss,* 163 Ariz. 81, 86, 786 P.2d 932, 937 (1989). A severability clause is merely useful, not essential, evidence of legislative intent.

> "[T]he valid part of a statute will be sustained where the valid and invalid parts are so separate and distinct that it is clear or may be presumed that the legislature would have enacted the former without the latter, if it had known of the invalidity...."

*State v. Watson,* 120 Ariz. 441, 445, 586 P.2d 1253, 1257 (1978) (quoting *Millett v. Frohmiller,* 66 Ariz. 339, 342, 188 P.2d 457, 460 (1948)), *cert. denied,* 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979).

 The Arizona Legislature first enacted a criminal "non-support" statute in 1912. That statute provided:

> A parent who wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter or medical attendance for his or her minor child is guilty of a felony.

1912 Ariz.Sess.Laws 289, ch. 64, § 1. The criminal non-support statute was reenacted continuously in various forms until 1978. *See, e.g.,* Ariz.Rev.Code 1928, § 4635; 1949 Ariz.Sess.Laws 148, ch. 70, § 1; 1978 Ariz. Sess.Laws 677, 709, ch. 201, § 85. In 1978 subsection A was substantially rewritten and took its present form. In 1988, subsection C was amended to include the pre-

sumption of parental employment. 1988 Ariz.Sess.Laws 1300, 1302–03, ch. 314, § 5.

This history satisfies us that the statute can stand after severance of its unconstitutional portions, just as it stood for many years before their addition. The invalid portions of the statute are in separate sentences. Striking the entirety of subsection B and the last two sentences of subsection C neither strips meaning from the remainder nor renders it logically incomplete. Indeed the remainder, though different in wording and in specifying a felony classification, is little different in substance than the statute of 1912. We conclude that the legislature would have enacted the statute without the stricken presumptions had it recognized their invalidity. *See Watson,* 120 Ariz. at 445, 586 P.2d at 1257. While an issue of vagueness of the remainder remains, severance of the presumptions does not *cause* the alleged vagueness; the remainder may stand or fall entirely on its own.

## CONCLUSION

We uphold the trial court's severance of subsection B and the last two sentences of subsection C of A.R.S. § 12–2458.

EHRLICH, P.J., and TAYLOR, J., concur.