887 P.2d 582

**STATE of Arizona, Appellant,**

v.

**Bruce Gene BUHMAN, Appellee.**

**No. 1 CA–CR 92–0135.**

Court of Appeals of Arizona, Division 1, Department C.

May 26, 1994.

Review Denied Jan. 24, 1995.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Crane McClennen, Asst. Atty. Gen., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for appellee.

## OPINION

FIDEL, Judge.

Is an Arizona statute unconstitutionally vague that subjects a parent to criminal sanctions for a knowing failure to furnish "reasonable support" for a minor child? We consider that question in this appeal.

### I

The state charged Bruce Gene Buhman, the appellee-defendant, with one count of failure to provide for his minor child. The state alleged that, between January 1, 1987, and December 31, 1990, Buhman gave no financial support to his child, though he had the means to do so. The alleged crime was defined as follows by Ariz.Rev.Stat.Ann. ("A.R.S.") § 12–2458 (1988):

A. Any parent of a minor child who knowingly fails, without lawful excuse, to furnish reasonable support for his or her child is guilty of a class 6 felony.

C. The court, in determining the culpable mental state of the parent who fails to support his or her child, shall consider all assets, earnings and entitlements of such parent.[1]

On defendant's motion, the trial court dismissed the indictment, holding the statute unconstitutionally vague. In this timely appeal, the state contends that the statute is susceptible to constitutional construction.

### II

We first consider the state's contention that the trial court should not have reached the issue of vagueness. Rather, the state now argues, the defendant lacked standing to raise the issue because his conduct as alleged in the indictment—failure to provide any support, though he had the means to do so—was clearly proscribed by the statute's core. *See, e.g., State v. Tocco,* 156 Ariz. 116, 119, 750 P.2d 874, 877 (1988) (A defendant ordinarily lacks standing to challenge a statute on grounds of overbreadth or vagueness unless his conduct falls within the arguably ambiguous area of the statute rather than within its core.).

Alternatively, the state cites our opinion in *Norton v. Superior Court,* 171 Ariz. 155, 829 P.2d 345 (App.1992), for the proposition that the issue of vagueness was not ripe for decision and should have been deferred until defendant's standing to raise the issue was fleshed out by the facts. In *Norton,* we took special action jurisdiction to hold that portions of A.R.S. § 12–2458 the state conceded to be unconstitutional were severable from the portion of the statute challenged here. We declined, however, to consider a vagueness challenge to the remainder, explaining:

When a criminal statute does not implicate the First Amendment, the question whether it is unconstitutionally vague is generally determined by examining its application to the facts of the case at hand. Although

---

1. We held the rest of the 1988 version of section 12–2458 to be unconstitutional and severable in *Norton v. Superior Court,* 171 Ariz. 155, 158–59, 829 P.2d 345, 348–49 (App.1992). Thereafter, the legislature revised section 12–2458, which now reads as follows:

   A. Any parent of a minor child who knowingly fails to furnish reasonable support for his or her child is guilty of a class 6 felony.
   B. It is an affirmative defense to a charge of a violation of subsection A that the defendant has complied with a valid court order that was in effect for the time period charged and that set forth an amount of support for the minor child or was unable to furnish reasonable support. Inability to furnish reasonable support is not a defense if the defendant voluntarily remained idle, voluntarily decreased his income or voluntarily incurred other financial obligations.
   C. The trier of fact, in determining whether the defendant has failed to furnish reasonable support, shall consider all assets, earnings and entitlements of the defendant and whether the defendant has made all reasonable efforts to obtain the necessary funds. On a showing of previous employment or lack of a physical or mental disability precluding employment, the trier of fact may infer that the defendant is capable of full-time employment at least at the *federal adult minimum wage.* This inference does not apply to noncustodial parents who are under the age of eighteen and who are still attending high school.
   Laws 1992, Ch. 266, § 4.
   The 1992 version of the statute, like the 1988 version, provides no internal standard or definition for the term "reasonable support" in subsection A.

an exception applies when a statute is so vague that it is wholly insusceptible to constitutional construction, ... the vagueness issue in this case is one best tested in the solid context of the facts. Accordingly, at this stage of the proceedings, when no fact-finding has been done, we conclude that the vagueness issue is not ripe.

*Id.* at 157, 829 P.2d at 347 (citations omitted).

Though we now face the issue we declined to reach in *Norton,* this case differs in significant respects. In *Norton,* a special action, we had discretionary jurisdiction and were free to decline interlocutory review of an issue that would be better developed by the time of an appeal. *See* Rule 1, Rules of Procedure for Special Actions. This case, by contrast, draws on our mandatory appellate jurisdiction and obliges us to decide any issue fairly framed and necessary to its disposition. *See* A.R.S. § 12–120.21. Additionally, this case frames the precise issue we described in *Norton* as permitting an exception to general considerations of standing and ripeness: whether the "statute is so vague that it is wholly insusceptible to constitutional construction." *Norton,* 171 Ariz. at 157, 829 P.2d at 347. The state joined issue over facial invalidity in the trial court; it questioned neither defendant's standing nor the ripeness of the issue at that time; and the trial court found the statute invalid on its face. Accordingly, as the question of facial invalidity is squarely presented and necessary to the disposition of this appeal, we proceed to decide it.

### III

■ A statute is unconstitutionally vague "if it does not give persons of ordinary intelligence a reasonable opportunity to learn what it prohibits and does not provide explicit standards for those who will apply it." *State v. Takacs,* 169 Ariz. 392, 394, 819 P.2d 978, 980 (App.1991). The evil of such a statute, succinctly stated, is "lack of fair warning and of a standard for the adjudication of guilt...." Anthony G. Amsterdam, The Void–For–Vagueness Doctrine in the Supreme Court, 109 U.Pa.L.Rev. 67, 76 (1960).

Section 12–2458 establishes the crime of knowing parental failure to furnish "reason-able support" for a minor child. The trial court found the statute unconstitutionally vague because it neither internally defines, nor provides a reasonably ascertainable external basis for defining, the standard of "reasonable support." Judge Campbell illustrated his concern with these examples:

Let me tell you the problems I have with it. "Reasonable support" by itself could mean something different when the defendant, for example, was a high paid obstetrician as opposed to someone who was a wage earner. That, to me, creates some inherent ambiguity in the statute. As I look at the [term] "reasonable support," the legislature has left it up to the jury to do whatever it wants to do without any guidance.

\*   \*   \*   \*   \*   \*

Let's say if Nelson Rockefeller was still alive and he was charged with failing to give "reasonable support." A jury could think that his failure to give $2 million a year to his son might be unreasonable given his great wealth. How would someone like Nelson Rockefeller know what reasonableness is? It's entirely pegging it to ability that creates the very thing that troubles the Court.

\*   \*   \*   \*   \*   \*

If you had a Catholic couple that divorced, and the mother wanted the child to go to a Catholic school and the husband said "No way. I'm not paying for it." And somehow or [other] the state brought a criminal action saying that, you know, you weren't giving reasonable support because you weren't giving enough money to send the child to a Catholic high school. Conceivably that's a jury question whether that's reasonable support or not.

■ To place the trial court's concerns in context, we recognize that ex post facto assessments of the reasonableness of conduct and state of mind are ubiquitous and probably indispensable in the law. "Many legal responsibilities may be made to turn—as many common-law duties have traditionally turned—upon the 'reasonableness' of conduct as viewed by some trier of fact." Amster-

dam, *supra*, at 93. This is so not only in civil law, as in the law of torts, but in criminal law as well. To take several of the multiple examples that may be found in Arizona's criminal code, a statutory element of the culpable mental state of acting "recklessly" is "gross deviation from the standard of conduct that *a reasonable person* would observe" under statutorily defined circumstances of "substantial and unjustifiable risk." A.R.S. § 13–105(6)(c) (emphasis added). One commits the crime of assault by "[i]ntentionally placing another person in *reasonable apprehension* of imminent physical injury...." A.R.S. § 13–1203(A)(2) (emphasis added). One commits "refusing to assist in fire control" by knowingly disobeying a "command by a person *reasonably known* to be a fireman or peace officer ... relating to the conduct of persons in the vicinity of a fire." A.R.S. § 13–2404(A)(2) (emphasis added).

The troubling distinction in this case is that criminal culpability under section 12–2458 does not turn on reasonableness of conduct or state of mind or on facts reasonably known or ascertainable; rather, it turns on nonpayment of a reasonable *quantity* of support. In this respect the bare statute appears, if one does not look beyond its borders, to impose an economically variable scale of criminal conduct that, in Judge Campbell's words, "le[aves] it up to the jury to do whatever it wants to do without any guidance."

■ In considering the statute's meaning, however, we are not confined to the four corners of section 12–2458. We are obliged, if possible, to give the statute a constitutional construction. *Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 272–74, 872 P.2d 668, 676–78 (App.1994). And in searching for a constitutional construction, we must look to related statutes and harmonize them if we can. As our supreme court stated in *State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970):

> If reasonably practical, a statute should be explained in conjunction with other statutes to the end that they may be harmonious and consistent. If the statutes relate to the same subject or have the same

general purpose—that is, statutes which are in pari materia—they should be read in connection with, or should be construed together with other related statutes, as though they constituted one law. As they must be construed as one system governed by one spirit and policy, the legislative intent therefor must be ascertained not alone from the literal meaning of the wording of the statutes but also from the view of the whole system of related statutes.

■ In this spirit, we need not look far beyond section 12–2458 to find a related statute that supplies its missing standard. Section 12–2458 is contained in the Arizona Revised Statutes in Title 12, Chapter 15, entitled "Family Responsibility." The state encourages us to consider within that chapter section 12–2451, entitled "Duties of support; definitions," which provides in pertinent part:

> A. Every man and woman has the duty to provide all reasonable support for his or her natural and adopted minor, unemancipated children, regardless of the presence or residence of the child in this state.
>
> \* \* \* \* \* \*
>
> D. All duties of support as prescribed in this chapter may be enforced by all civil and criminal remedies provided by law.
>
> E. *For the purposes of this section:*
>
> 1. *"Support" means the provision of maintenance or subsistence and includes medical coverage....*

(Emphasis added).

Subsection E, which was added to section 12–2451 in 1991, supplies a definition of "support" that, if applicable to section 12–2458, lends it the solidity that it otherwise lacks. Specifically, if section 12–2458 can be fairly interpreted to draw on section 12–2451 for definition of "support," then the former does not criminalize the failure to provide whatever a jury might retroactively find reasonable within one's means; rather, it criminalizes a parent's failure to provide sufficient support to maintain a child at a reasonable subsistence level with food, shelter, clothing, medical care, and the like. So interpreted, the statute is not unconstitutionally vague.

**56**

The defendant did not respond to the state's appellate argument that section 12–2451 supplies a frame of reference for the term "reasonable support" in 12–2458. Nonetheless, before we can accept that argument, two further points require discussion.

First, 12–2451(E) recites that it defines "support" *"for the purposes of this section."* (Emphasis added). It thus might be interpreted to leave "support" deliberately undefined in other sections of Chapter 15. We reject this interpretation, however, as contrary to our mandate to construe statutes in pari materia "as one system governed by one spirit and policy," *Larson,* 106 Ariz. at 122, 471 P.2d at 734. And we observe that sections 12–2451 and 2458 are truly in pari materia. Not only do they appear in a common chapter; they also use common language toward a common end. The former establishes "the duty to provide all reasonable support" for one's minor children and provides that the duty "may be enforced by all civil and criminal remedies provided by law." A.R.S. § 12–2451(A) and (D). The latter complements the former by making it a crime to "knowingly fail to furnish reasonable support." *See* A.R.S. § 12–2458(A). Because both statutes use the term "reasonable support" for a common purpose, it is proper to apply a common definition to that term.

 Second, we acknowledge, but find no impediment to a harmonizing construction in the fact that the definition in section 12–2451(E) was added to the Arizona Revised Statutes after the enactment of section 12–2458. Our supreme court specified in *Larson* that the obligation to harmonize related statutes "applies even where the statutes were enacted at different times, and contain no reference one to the other...." *Larson,* 106 Ariz. at 122, 471 P.2d at 734; *see also State v. Sweet,* 143 Ariz. 266, 270–71, 693 P.2d 921, 925–26 (1985) (Statutory ambiguity may be retroactively relieved by a clarifying subsequent amendment.).

We therefore interpret the term "reasonable support" in section 12–2458 by reference to the definition of "support" in section 12–2451(E). To do so harmonizes closely related statutes and relieves the former of its vagueness. Our construction further serves what we believe to be the motivating purpose of section 12–2458: A sliding economic standard of reasonable support, though problematic as a retroactive criminal standard, is common to the prospective calculation of child support awards, which are civilly enforceable through a variety of devices including judgments, wage assignments, and contempt. *See* A.R.S. § 12–2452(A) (proceedings to establish, enforce, or modify duties of support "shall be civil actions except as provided in § 12–2458"); *see generally* A.R.S. §§ 25–320, 25–323, and 12–2451 *et seq.* Failure to provide a reasonable subsistence for one's children, however, is an offense to society at large that the legislature has met in section 12–2458 with the additional sanction of the criminal law.

For the foregoing reasons, we hold that A.R.S. § 12–2458 is susceptible to constitutional construction, we reverse the trial court's order of dismissal, and we remand for proceedings consistent with this opinion.

LANKFORD, P.J., and EHRLICH, J., concur.