18 P.3d 1231

**In re MOISES L.**

**No. 1 CA–JV 00–0121.**

Court of Appeals of Arizona,
Division 1, Department C.

Dec. 12, 2000.

Redesignated as Opinion and Publication
Ordered Jan. 29, 2001.

As Amended Feb. 8, 2001.

Janet Napolitano, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Richard M. Romley, Maricopa County Attorney by Rene Williams, Deputy County Attorney, Phoenix, Attorneys for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## AMENDED OPINION

FIDEL, Judge.

¶ 1 Moises L. appeals from his adjudication of delinquency for failing to provide evidence of identity, a class 2 misdemeanor. We answer two questions on appeal: (1) whether a suspect's verbal responses to identifying questions may constitute the evidence of identity required under A.R.S. § 28–1595(B); and (2) whether A.R.S. § 28–1595(B) is unconstitutionally vague. Answering both questions in the negative, we affirm.

### HISTORY

¶ 2 Moises, a seventeen year old driver, was pulled over by a Phoenix police officer for making a left turn without using a proper turn signal. Asked for his driver's license, Moises had none; nor could he provide documentary identification of another form. In response to the officer's questions, Moises accurately stated his name, date of birth, address, social security number, weight, height, eye color, and hair color. Moises was given a traffic citation and signed it.

¶ 3 The four-count traffic citation included three civil violations—lack of a valid driver's license, failure to signal before turning, and failure to wear seat belts. On each of these counts, Moises was found responsible by default in municipal court proceedings that are not at issue here. The remaining count—failure to provide evidence of identity, a criminal violation—was transferred to the juvenile court for prosecution and resulted in the delinquency adjudication that gives rise to this appeal.

### DOES A.R.S. § 28–1595(B) REQUIRE DOCUMENTARY EVIDENCE OF IDENTITY?

¶ 4 Under § 28–1595(B), a motor vehicle operator stopped by a peace officer must exhibit an "operator's driver license," or, if unlicensed, must provide "evidence of the driver's identity on request." Further, that evidence, according to the statute, "shall contain all of the following information:

1. The driver's full name.
2. The driver's date of birth.
3. The driver's residence address.
4. A brief physical description of the driver, including the driver's sex, weight, height and eye and hair color.
5. The driver's signature."

A.R.S. § 28–1595(B).

¶ 5 In *State v. Boudette,* 164 Ariz. 180, 182–83, 791 P.2d 1063, 1065–66 (App.1990), we held a predecessor to this statute unconstitutionally vague because it did not specify what type of identification other than a driver's license would suffice. In a 1995 amendment, the legislature responded by setting forth the five items listed above, which "evidence of the driver's identity" shall contain. *See* 1995 Ariz. Sess. Laws, ch. 286, § 8. The amendment did not, however, expressly state whether the evidence must be documentary or whether verbal evidence could suffice. Moises seizes on this inspecificity to support his argument on appeal.

¶ 6 To interpret an inspecific statute, we must "read the statute as a whole, and give meaningful operation to all of its provisions." *Wyatt v. Wehmueller,* 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991). We seek to determine legislative intent by considering "the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose." *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230

(1996). In so doing, we undertake to "avoid rendering statutory language superfluous, void, contradictory, or insignificant." *State v. Tarango*, 185 Ariz. 208, 212, 914 P.2d 1300, 1304 (1996).

¶ 7 One must possess a driver's license while operating a motor vehicle in Arizona and must display it upon a police officer's request. *See* A.R.S. § 28–3169(A). The license must contain "the licensee's full name, date of birth and residence address, a brief description of the licensee and either a facsimile of the signature of the licensee or a space on which the licensee is required to write the licensee's usual signature with pen and ink." A.R.S. § 28–3166(A). The license must also contain the photo image of the licensee. A.R.S. § 28–3166(B).

■ ¶ 8 These requirements, which establish a driver's license as a form of verification of identity, provide a frame of reference for A.R.S. § 28–1595(B), which requires that a licensed operator display a license and that an unlicensed operator provide "evidence of identity." An evident purpose of the statute is to require all motor vehicle operators, whether licensed or unlicensed, to possess a means for a police officer, when making a vehicular stop or issuing a traffic citation, to ascertain and verify the operator's identity. Thus, when the legislature responded to *Boudette* by amending the statute to require that an unlicensed operator's "evidence of identity" contain the operator's name, date of birth, address, physical description, and signature, the legislature was demonstrably attempting to require an operator who lacked a driver's license to provide a source of functionally equivalent identification.

■ ¶ 9 Moises argues that an operator can satisfy the statutory requirement by answering a series of questions and providing a signature, and his argument makes literal, but not common, sense. *See Goddard v. Superior Court*, 191 Ariz. 402, 404, ¶ 8, 956 P.2d 529, 531 (App.1998) (declining to interpret statute in "a manner so contrary to common sense"). The statute requires that an unlicensed operator's evidence of identity "shall contain all of" the items—name, date of birth, address, physical characteristics, and signature—set forth in subsections

(B)(1)-(5). Although verbal responses to a series of questions can *contain* at least the first four of these items, a series of uncorroborated verbal responses would not satisfy the obvious statutory concern to provide a source of *verification* of driver identity. It would serve no verifying purpose, for example—nor any other purpose we can think of—to require a driver to declare "sex, weight, height, and eye and hair color" to an officer who can presumably see or estimate those features without the driver's aid. Rather, in our judgement, the statute contemplates a single, tangible, documentary piece of evidence whose contents satisfy the entire statutory list.

## Is A.R.S. § 28–1595(B) Unconstitutionally Vague?

■ ¶ 10 Moises next claims that A.R.S. § 28–1595(B) is unconstitutionally vague. A statute is unconstitutionally vague "if it fails to give persons of ordinary intelligence reasonable opportunity to know what is prohibited and fails to provide explicit standards for those who apply it." *State v. Tocco*, 156 Ariz. 116, 118, 750 P.2d 874, 876 (1988). Whether a statute is unconstitutionally vague is generally determined by examining its application to the facts of the particular case. *Norton v. Superior Court*, 171 Ariz. 155, 157, 829 P.2d 345, 347 (App.1992).

■ ¶ 11 Section 28–1595(B) is sufficiently definite to provide notice to Arizona drivers that they must carry evidence of identity in a form comparable in content and reliability to a driver's license. Because a person of ordinary intelligence can understand what is comprised by this requirement, we do not find the statute unconstitutionally vague.

■ ¶ 12 Moises argues that this statute is susceptible to arbitrary and discriminatory law enforcement. *See State v. Steiger*, 162 Ariz. 138, 141, 781 P.2d 616, 619 (App.1989). One reason to invalidate a statute for vagueness is to reduce the risk of arbitrary and discriminatory law enforcement. *Id.* Yet even a clearly worded statute may be susceptible to selective prosecution. *See Pima County Juv.App. No. 74802-2*, 164 Ariz. 25, 29, 790 P.2d 723, 727 (1990). The significant

question is whether the statute defines what is prohibited with reasonable clarity. If it does so, it will not be reversed over the possibility that it might be arbitrarily enforced. *Id.* at 29–30, 790 P.2d at 727–28.

### CONCLUSION

¶ 13 Moises was adjudicated delinquent and fined $100. We address ourselves only to the validity of the underlying statute, and not to the substantial expenditure of public resources to prosecute and adjudicate his offense. Finding no merit to his statutory challenge, we affirm.

CONCURRING: EDWARD C. VOSS, Presiding Judge, CECIL B. PATTERSON, Jr., Judge.