75 P.3d 718

**STATE of Arizona, Appellant,**

v.

**Nathan Richard AKINS, Appellee.**

No. 1 CA–CR 02–0963.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 2, 2003.

As Amended Sept. 11, 2003.

Review Denied Feb. 10, 2004.

---

Terry Goddard, Attorney General, by Randall M. Howe, Chief Counsel, Criminal Appeals Section, Phoenix, Attorneys for Appellant.

Richard M. Romley, Maricopa County Attorney, by Arthur G. Hazelton, Jr., Deputy County Attorney, Phoenix, Attorneys for Appellant.

James J. Haas, Maricopa County Public Defender by C. Michele Lawson, Deputy Public Defender, Phoenix, Attorneys for Appellee.

## OPINION

SNOW, Judge.

¶ 1 The State appeals the trial court's order suppressing all contraband seized from Nathan Richard Akins incident to his arrest for failure to produce evidence of his identity pursuant to Arizona Revised Statutes ("A.R.S.") § 28–1595(C) (1998). The trial court found § 28–1595(C) unconstitutionally vague for failing to give notice to passengers in motor vehicles of the type of identification that must be produced under the statute. We agree and affirm the trial court's ruling suppressing all contraband seized from Akins.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On July 9, 2002, City of Phoenix Police officers conducted a traffic stop on a vehicle for the driver's failure to signal before a turn. One of the officers approached Akins, the front seat passenger in the vehicle, who was not wearing a seatbelt. Failure to wear a seatbelt constitutes a civil traffic violation according to A.R.S. § 28–909(A)(1) (1998). A separate statute, § 28–1595(C), makes it a misdemeanor for a person to fail to provide "evidence of the person's identity" to a police officer if the officer has reasonable cause to believe the person has violated a requirement of Title 28 of the Arizona Revised Statutes. A.R.S. § 28–1595(C).

¶ 3 After observing Akins in the front seat, the officer asked him for identification. Akins informed the officer that he lacked any written identification. The officer then arrested Akins pursuant to A.R.S. § 28–1595(C) for failure to provide evidence of identification when he was not wearing his seatbelt. During a search incident to the arrest, the officer discovered marijuana and methamphetamine in Akins' possession. The Maricopa County Attorney's office filed three drug charges against Akins stemming from the arrest.

¶ 4 Akins moved to suppress all contraband seized, arguing that the identification requirement in A.R.S. § 28–1595(C) was unconstitutionally vague. The trial court agreed and granted Akins' motion to suppress. It then granted the State's motion to dismiss the case without prejudice so that it could appeal the order pursuant to A.R.S. § 13–4032(6) (2001).

## DISCUSSION

¶ 5 We review de novo the trial court's determination that A.R.S. § 28–1595(C) is unconstitutionally vague. See State v. Pereyra, 199 Ariz. 352, 353, 18 P.3d 146, 147 (App.2001).

¶ 6 Section 28–1595(C) provides:

A person *other than the driver* of a motor vehicle who fails or refuses to provide *evidence of the person's identity* to a peace officer or a duly authorized agent of a traffic enforcement agency on request, when such officer or agent has reasonable cause to believe the person has committed a violation of this title, is guilty of a class 2 misdemeanor.

A.R.S. § 28–1595(C) (emphasis added).

¶ 7 In State v. Boudette, 164 Ariz. 180, 791 P.2d 1063 (App.1990), this court addressed

whether similar language in subsection (B) of the predecessor statute provided sufficient notice as to what type of identification was required of the *driver* of a motor vehicle under the statute. *Id.* at 182, 791 P.2d at 1065. Subsection (B) of the predecessor statute to § 28–1595 provided:

> The *operator* of a motor vehicle who, after stopping as required by subsection A of this section, fails or refuses to exhibit his operator's or chauffeur's license as required by § 28–423 or an operator who is not licensed and who fails or refuses to provide *evidence of his identity* upon request is guilty of a class 2 misdemeanor.

A.R.S. § 28–1075(B) (1994) (current version at A.R.S. § 28–1595(B) (1998)) (emphasis added); *see also Boudette,* 164 Ariz. at 182, 791 P.2d at 1065.

¶ 8 In *Boudette,* this section was found to give inadequate "notice of what type of identification, other than a driver's license, [would] suffice to avoid arrest." *Boudette, id.* at 182, 791 P.2d at 1065. As written, the statute "encourage[d] arbitrary and discriminatory enforcement;" thus, we determined that the section pertaining to unlicensed drivers was unconstitutionally vague. *Id.* at 182–83, 791 P.2d at 1065–66.

¶ 9 The Arizona Legislature responded by amending the statute in 1995. *See* 1995 Ariz. Sess. Laws, ch. 286, § 8. The amended statute changed subsection (B) relating to *drivers* to include the following:

> The evidence of identity that is presented shall contain all of the following information:
> 1. The driver's full name.
> 2. The driver's date of birth.
> 3. The driver's residence address.
> 4. A brief physical description of the driver, including the driver's sex, weight, height and eye and hair color.
> 5. The driver's signature.

A.R.S. § 28–1595(B).

¶ 10 Several years ago we examined the legislative revision of § 28–1595(B). *In re Moises L.,* 199 Ariz. 432, 18 P.3d 1231 (App. 2001). In *Moises L.,* we found the revised statute was not void because it was "sufficiently definite to provide notice to Arizona *drivers* that they must carry evidence of identity in a form comparable in content and reliability to a driver's license." *Id.* at 434, 18 P.3d at 1233 (emphasis added).

¶ 11 Nevertheless, when it clarified the identification requirements for drivers, the legislature made no changes to subsection (C) of the statute pertaining to persons other than drivers who an officer reasonably believes to have violated a provision of the transportation code. Thus, that statute still provides no definition of what is required of passengers or others when presenting "evidence of [their] identity." A.R.S. § 28–1595(C).

¶ 12 The question now presented is whether § 28–1595(C), relating to passengers, is unconstitutionally vague.

¶ 13 The State argues that a reasonable reading of the entire statute would apply § 28–1595(B)'s definition of "evidence of identification" to subsection (C) so that the definition of "evidence of identity" relating to drivers would also apply to all other persons, including passengers. The State notes that in determining the constitutionality of a statute, a strong presumption of constitutionality exists, *see State v. Tocco,* 156 Ariz. 110, 112, 750 P.2d 868, 870 (App.1986) (citing *State v. Ramos,* 133 Ariz. 4, 6, 648 P.2d 119, 121 (1982)), and a statute must be interpreted "as a whole" with each of its provisions "given meaningful operation." *Wyatt v. Wehmueller,* 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991) (citing *Kriz v. Buckeye Petroleum Co.,* 145 Ariz. 374, 377, 701 P.2d 1182, 1185 (1985)).

¶ 14 However, in interpreting a statute we apply the plain meaning of its words and phrases. A.R.S. § 1–213 (2002) ("Words and phrases shall be construed according to the common and approved use of the language."); *Mail Boxes, Etc. v. Indus. Comm'n,* 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995). Subsection (C), by its clear language, applies only to non-drivers. Similarly, the clear language of § 28–1595(B) applies only to operators of the motor vehicle. When the legislature amended the statute in 1995 to define "evidence of identity," it specifically added the definition to subsection (B), not to the entire statute, as

it easily could have done. Additionally, the "evidence of identity" required under subsection (B) specifically requires the *driver's* name, date of birth, address, description and signature. The addition of these requirements evidences the legislature's intent to "require an *operator* who lacked a driver's license to provide a source of functionally equivalent identification." *Moises L.*, 199 Ariz. at 434, 18 P.3d at 1233 (emphasis added).

¶ 15 In this context, the meaning of the statute is plain. It is not unreasonable to assume that the legislature intended to impose more exacting identification requirements on operators of motor vehicles than on others. The existing statutory language as a whole reveals no legislative intent to apply the same identification requirements to the two subsections. We thus find that the statutory definition of "evidence of identity" imposed upon drivers under § 28–1595(B) cannot be similarly imposed upon passengers under § 28–1595(C).

¶ 16 Subsection (C), as written, however, suffers from the same constitutional deficiencies we found in the previous version of subsection (B). Namely, the statute fails to give persons, including passengers, notice of what type of identification is required to avoid arrest under the statute, and it encour-

ages arbitrary and discriminatory enforcement. *See Boudette*, 164 Ariz. at 182, 791 P.2d at 1065; *see also Kolender v. Lawson*, 461 U.S. 352, 358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) (quoting *Smith v. Goguen*, 415 U.S. 566, 575, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974), holding that statute is vague where it "allows policemen, prosecutors, and juries to pursue their personal predilections."). For the same reasons set forth in *Boudette* and *Kolender*, therefore, we hold that § 28–1595(C) is unconstitutionally vague because it fails to provide reasonable notice to passengers or others of what evidence of identity is required to avoid violation of the statute.[1]

### CONCLUSION

¶ 17 We find A.R.S. § 28–1595(C) unconstitutional due to vagueness and affirm the superior court's order granting Akins' motion to suppress.

CONCURRING: JOHN C. GEMMILL and DONN KESSLER, Judges.

---

1. Akins also argues that the statute is unconstitutionally vague on other grounds. However, we need not address those arguments in light of our disposition of Akins' first argument.