This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 32,951**

**SAMUEL HAYNES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Edmund H. Kase III, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}** Defendant appeals his conviction for aggravated battery on a household member. We issued a calendar notice proposing to affirm, and Defendant has filed a memorandum in opposition and a motion to amend the docketing statement. We have carefully considered the arguments raised in the memorandum in opposition, and are not persuaded that the proposed affirmance is incorrect. In addition, the issues Defendant seeks to raise in the motion to amend the docketing statement are not viable. Therefore, as discussed below, we deny the motion to amend and affirm Defendant's conviction.

**Motion to Amend**

**{2}** Defendant requests permission to amend his docketing statement to add the following two issues: (1) an unnecessary general intent instruction was given to the jury, and the jury was clearly confused by this instruction; and (2) there was insufficient evidence to sustain Defendant's conviction for aggravated battery on a household member. Defendant attempts to raise the first issue as a matter of fundamental error because no objection was made below to the general intent instruction. The second issue, sufficiency of the evidence, may be raised at any time, including for the first time on appeal. *See State v. Sotelo*, 2013-NMCA-028, ¶ 30, 296 P.3d 1232.

2

{3}     Defendant's first contention has been answered adversely to his position by two different opinions from this Court. In *State v. Stefani*, 2006-NMCA-073, 139 N.M. 719, 137 P.3d 659, we held that no error occurred when the district court gave a general intent instruction as well as the elements of the offense instruction even though the crime charged was a specific intent crime. 2006-NMCA-073, ¶ 29. The *Stefani* opinion relied in part on *State v. Gee*, 2004-NMCA-042, 135 N.M. 408, 89 P.3d 80, in which we specifically held that no fundamental error had been committed when the district court gave an instruction on general intent in addition to the required instruction on specific intent, which was contained in the elements instruction. 2004-NMCA-042, ¶¶ 15, 18-19.

{4}     In the face of this unhelpful law, Defendant attempts to distinguish his case by arguing that the jury was "clearly confused" by the general intent instruction. [MIO 5] His contention is based on the fact that the jury found him guilty of both the greater and lesser offenses upon which it was instructed, despite an instruction ("the step-down instruction") commanding the jury to reach the lesser offense only if the jury had a reasonable doubt as to Defendant's guilt on the greater offense. [RP 152] Defendant posits that "[p]art of the confusion for the jury may have resulted from the erroneously given general criminal intent instruction." [MIO 5] However, this suggestion is pure speculation that has no support in the record. There is nothing in

the language of the general intent instruction that would lead a jury to disregard the step-down instruction and unnecessarily consider the lesser-included offense once it had reached a verdict on the greater. We therefore disagree with Defendant's suggestion that the general intent instruction somehow caused the jury to proceed in the manner it did. Finally, in both *Stefani* and *Gee* we observed that there is nothing inconsistent about giving a general intent jury instruction as long as the jury is properly instructed on the elements of the specific intent crime. *See Stefani*, 2006-NMCA-073, ¶ 27; *Gee*, 2004-NMCA-042, ¶ 15. We therefore do not agree that giving the instruction on general intent could have confused the jury in the manner Defendant suggests. Defendant's issue is not viable and we deny the motion to amend the docketing statement insofar as it attempts to raise this issue. *See State v. Moore,* 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (holding that an issue sought to be raised by way of amendment to docketing statement must be viable), *overruled on other grounds by State v. Salgado,* 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730 .

{5}     The next issue Defendant seeks to raise in his motion to amend concerns the sufficiency of the evidence supporting his conviction for aggravated battery on a household member. Defendant points to his assertion that he did not push, hit, or touch the victim in any way, and that she "simply tripped while she was walking."

4

[MIO 12] According to the tape log, there is no indication Defendant testified at trial, so it is not clear whether his version of the events in question was before the jury. In any event, on appeal we review the evidence in the light most favorable to the jury's verdict, and we disregard contrary evidence that might conflict with the verdict. *See* *State v. Cabezuela*, 2011-NMSC-041, ¶ 42, 150 N.M. 654, 265 P.3d 705. In this case, the victim testified that Defendant hit her in the back of the head hard enough to send her stumbling across the room. [RP 177-179]  The blow raised a knot on her head which remained for a few days, and the victim had a headache for a couple of days. [*Id.* 179] This evidence was sufficient to satisfy the elements of aggravated battery on a household member, as the jurors were instructed. [RP 151] Thus, this aspect of Defendant's sufficiency challenge is without merit and therefore is not a viable issue.

{6}      Defendant has advanced a second aspect of his sufficiency argument that is not in fact a sufficiency of the evidence issue. Defendant again points to the fact that the jury returned guilty verdicts on both aggravated battery on a household member and the lesser-included offense of battery on a household member. Defendant notes that the jury was given a step-down instruction that stated as follows: "If you . . . have a reasonable doubt as to whether the [d]efendant committed the crime of aggravated battery on a household member, you must proceed to determine whether the [d]efendant committed the included offense of battery on a household member." [RP

152] Defendant maintains that according to this instruction, the jury should have moved on to consider the lesser-included offense only if the jury had a reasonable doubt as to the greater offense; since the jury here did in fact address the lesser-included offense, Defendant contends the jury necessarily must have found a reasonable doubt as to the greater offense of aggravated battery on a household member. Defendant relies on the principle that a jury is presumed to have followed the instructions it has been given. [MIO 13] It is apparent that this argument is not a sufficiency-of-the-evidence issue; rather, it raises questions about a possible inconsistency between the verdicts, or regarding the proper interpretation of the verdicts reached by the jury.

{7} This is a somewhat novel argument. However, we disagree that the argument is viable, for three reasons. First, it does not appear this argument was raised below in the way Defendant is now raising it. Second, Defendant's argument relies on supposition concerning the jury's intentions and ignores the fact that the jury was polled and affirmed the guilty verdicts on the greater and lesser offenses as the jury's intended verdicts. Finally, Defendant has cited no on-point authority in support of the argument, and the only authority we have located is contrary to his position.

{8} Defendant's argument is essentially as follows: where a jury convicts the defendant of both the greater offense and a lesser-included offense, and has been

given a step-down instruction similar to the one given in this case, it must be presumed as a matter of law that the jury obeyed the step-down instruction and actually did not reach a verdict on the greater offense. This is not, however, the argument that was made below. According to the docketing statement and the tape log, when the jury returned its guilty verdicts on both offenses, no objection was initially made to the multiple verdicts. [RP 196-97, DS unnumbered p. 2] Defendant first raised the issue at the sentencing hearing, when he argued that he should be sentenced on the lesser charge rather than the greater. When defense counsel was informed the punishment is the same for either offense, no further argument ensued regarding the multiple verdicts. [DS unnumbered p. 2] Thus, Defendant did not preserve this issue for purposes of appeal.

{9}     We note that, unlike a true sufficiency of the evidence challenge, this is not the type of question that may be raised for the first time on appeal. It is a matter of jury intent, which is a factual issue that must be raised below, in a timely manner, so that it may be addressed and resolved by the district court. *See, e.g.*, *G & G Servs., Inc. v. Agora Syndicate, Inc.*, 2000-NMCA-003, ¶ 41, 128 N.M. 434, 993 P.2d 751 (holding that "[a] litigant who fails to object to an alleged inconsistency in a jury's verdict before the jury is dismissed may be held to have waived any further challenge to the alleged inconsistency"); *Diversey Corp. v. Chem-Source Corp.,* 1998-NMCA-112, ¶

7

39, 125 N.M. 748, 965 P.2d 332 (pointing out value of preservation in this context, including the fact that "a timely objection to the verdict would have allowed the [district] court to send the jury back to the jury room to clarify its verdict, thereby correcting any error"). Due to Defendant's failure to object in any way at the time the multiple verdicts were announced, the district court was not afforded an opportunity to have the jury clarify its verdicts. Defendant therefore failed to preserve this issue for appeal and the motion to amend the docketing statement is properly denied on that basis. *See State v. Moore,* 1989-NMCA-073, ¶ 42 (holding that one requirement for granting a motion to amend a docketing statement is a showing of the manner in which the issue was preserved for appeal).

{10} With regard to this contention we also point out that the only facts in the record that are relevant to the question belie Defendant's assertion that the jury necessarily must have failed to reach a verdict on the greater offense of aggravated battery on a household member. According to the tape log, the jury announced its verdict of guilty on that offense as well as the lesser offense; at that point the jury was polled, and affirmed that both guilty verdicts were the ones the jury reached in the jury room. [RP 196] Therefore, the only evidence regarding the jury's intent is that the jury found Defendant guilty of the greater and the lesser offense. Defendant's argument thus fails factually, even if it had been properly preserved.

{11} Finally, it should be noted that Defendant has cited no authority, either in-state or out-of-state, supporting his argument that we must presume that the jury did not in fact reach a verdict as to the greater offense. Our brief search for such authority has uncovered only cases contrary to Defendant's position. *See, e.g.*, *United States v. Howard*, 507 F.2d 559, 563 (8th Cir. 1974) (holding that even though district court should not have accepted verdicts on both the lesser and greater offenses, verdicts on the lesser offenses were mere surplusage that did not create a per se inconsistency); *State v. Engram*, 831 P.2d 362, 366 (Ariz. App. 1991) (noting that defendant should have brought problem to the court's attention at the time of the allegedly inconsistent verdicts, so the issue could be clarified; holding in addition that the proper remedy in circumstances like this one is to simply vacate the conviction on the lesser offense). Given Defendant's failure to preserve this issue, as well as the facts that are contrary to his position, we need not and do not adopt the law stated in these out-of-state authorities at this time. However, it does appear that Defendant's argument fails due to a lack of supporting law as well as a lack of factual support. We therefore deny Defendant's motion to amend the docketing statement in order to raise this issue.

**Memorandum in Opposition**

{12} Defendant renews his contention that his trial counsel was ineffective, although in the docketing statement the issue was framed as a contention that the attorney

committed fundamental error. Defendant points to two instances of allegedly ineffective assistance: first, trial counsel did not object to the inclusion of the general intent jury instruction; and second, trial counsel failed to move for a mistrial when the jury returned guilty verdicts on both the greater offense and the lesser. In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate error on the part of counsel, and must also show he was prejudiced by that error. *See State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289. As to the prejudice prong of the analysis, the defendant must establish a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *See id.*

{13}     We have already discussed the question of the general intent instruction and the fact that it is not inconsistent with the elements instruction of a specific intent crime. In fact, this Court has noted that the general intent instruction is meant to be used for every crime except those few offenses that do not require criminal intent, or for which the intent is specified in a statute or instruction. *State v. Stefani*, 2006-NMCA-073, ¶ 29. Therefore, it was not unreasonable for trial counsel to assume the giving of the general intent instruction in this case was proper. Furthermore, since there was no inconsistency between that instruction and the elements instruction that was given for the offense of aggravated battery on a household member, Defendant cannot

10

demonstrate that he was prejudiced by the giving of the instruction. With respect to this claim of error, Defendant's contentions fail to meet either requirement of the *Bernal* ineffective assistance standard.

{14} Defendant's next argument, that trial counsel should have requested a mistrial when the jury returned multiple verdicts instead of just one, fails as well. A mistrial is not the appropriate remedy in this type of situation involving potentially conflicting verdicts. Instead, the proper remedy would have been to have the jury clarify its verdicts at the time they were announced. *See Diversey Corp. v. Chem-Source Corp.,* 1998-NMCA-112, ¶ 39. However, as we discussed above, the available record demonstrates there was little need for such clarification; the jury announced separate verdicts as to each offense, and then affirmed those verdicts when polled by the district court. Trial counsel could well have decided that it was unnecessary to request any further clarification from the jury. This is especially true since the district court disregarded the verdict on the lesser offense, convicting Defendant only of the greater, and since as Defendant recognizes the penalty for each offense is the same. On this record, Defendant cannot establish either that trial counsel erred in failing to request a mistrial, or that he was prejudiced as a result of trial counsel's actions regarding the multiple verdicts. *See Bernal*, 2006-NMSC-050, ¶ 32. We note that this decision does

not preclude Defendant from attempting to raise a claim of ineffective assistance of counsel in any post-conviction proceeding he may pursue.

**Conclusion**

{15}     Based on the foregoing as well as the discussion in the calendar notice, we deny Defendant's motion to amend the docketing statement, and affirm his conviction for aggravated battery on a household member.

{16}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**M. MONICA ZAMORA, Judge**