**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TARAHAWK VON BRINCKEN,

Plaintiff-Appellee,

v.

JAMES MICHAEL VOSS and RICHARD
A. LEGARRA,

Defendants-Appellants.

No.    15-17025

D.C. No. 4:14-cv-02148-JAS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted October 18, 2016
San Francisco, California

Before: THOMAS, Chief Judge, and BEA and IKUTA, Circuit Judges.

Tucson police officers James Voss and Richard Legarra appeal the district

court's order granting Tarahawk von Brincken's motion for partial summary

judgment on von Brincken's 42 U.S.C. § 1983 and state-law false imprisonment

claims and denying Voss and Legarra's motion for summary judgment, which

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

asserted a qualified-immunity defense. We have jurisdiction over the issue of qualified immunity under 28 U.S.C. § 1291, *see Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), and reverse.

The district court erred when it denied Voss and Legarra's motion for summary judgment. Voss and Legarra are entitled to qualified immunity unless von Brincken shows "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct," *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011), which he has not done. An official violates a clearly established right if "every 'reasonable official would have understood that what he is doing violates that right.'" *Id.* at 741 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). In determining whether qualified immunity applies, the Supreme Court has reminded us "not to define clearly established law at a high level of generality." *Id.* at 742. "The general proposition . . . that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established." *Id.*

An officer in Voss's position could reasonably believe that Arizona Revised Statutes section 28-3169(A) required that von Brincken produce his driver's license upon Voss's demand, and that section 28-622 in turn made von Brincken's

refusal to comply with Voss's lawful order a misdemeanor.[1]  While Voss

subjectively believed that von Brincken's refusal to present his license violated a

different statute, section 28-1595(B), an officer's "subjective reason for making the

arrest need not be the criminal offense as to which the known facts provide

probable cause," *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).  Because an

officer in Voss's position could reasonably believe von Brincken committed a

misdemeanor in his presence, Voss and Legarra could reasonably believe that Voss

had the authority to arrest von Brincken, *see* Ariz. Rev. Stat. § 13-3883(A)(2), and

that the arrest would not violate von Brincken's Fourth Amendment rights, *see*

*Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).  Because Voss and

Legarra could reasonably believe that their conduct complied with the law, and any

unlawfulness was not clearly established (even assuming their conduct was

unlawful), they are entitled to qualified immunity.  *See Pearson v. Callahan*, 555

U.S. 223, 244–45 (2009).

   **REVERSED.**

---

[1] To the extent that Voss and Legarra did not argue or brief this argument before the district court, we nonetheless "may consider an issue raised for the first time on appeal" where, as here, "the issue presents a pure question of law that does not depend on the factual record developed below, or the relevant record is fully developed." *Emmert Indus. Corp. v. Artisan Assocs., Inc.*, 497 F.3d 982, 986 (9th Cir. 2007).

*von Brincken v. Voss*, No. 15-17025

THOMAS, Chief Judge, dissenting:

The Fourth Amendment serves to ensure that one may not be arrested on suspicion of non-criminal conduct. Because Officers Voss and Legarra arrested Tarahawk von Brincken without probable cause to believe he had committed a crime, the Officers violated von Brincken's clearly established constitutional rights. Therefore, the Officers are not entitled to qualified immunity, as the district court correctly held. Because I agree entirely with the district court's analysis on this issue, I must respectfully dissent.

The Fourth Amendment to the US Constitution protects people from unreasonable searches and seizures. U.S. Const. amend. IV. The Supreme Court has held that "Fourth Amendment seizures are reasonable only if based on probable cause to believe that the individual has committed a crime." *Bailey v. United States*, 133 S. Ct. 1031, 1037 (2013). Officer Voss relied on Arizona Revised Statute § 28-921(A)(1) (driving an improperly equipped vehicle) and § 28-1595(B) (failure to produce identification) as his authority for arresting von Brincken. However, the former statute is a civil traffic offense that does not subject one to arrest for criminal conduct. *See Allen v. City of Portland*, 73 F.3d 232, 237 (9th Cir. 1995), *as amended* (Jan. 17, 1996) ("[P]robable cause can only

-1-

exist in relation to criminal conduct."). The latter statute subjects a driver to arrest for criminal conduct for not producing a driver's license upon the request of an officer only if the officer first conducted a traffic stop of the driver. *See In re Moises L.*, 18 P.3d 1231, 1232 (Ariz. Ct. App. 2000), *as amended* (Feb. 8, 2001) ("Under § 28-1595(B), a motor vehicle operator stopped by a peace officer must exhibit an 'operator[']s driver license.'"). Because it is undisputed that Officer Voss did not conduct a traffic stop of von Brincken before demanding to see his driver's license, the arrest for failure to produce the driver's license lacked probable cause and was therefore unconstitutional. To hold otherwise, as the majority does, turns a traffic offense statute into a "stop and show me your papers" statute.

Furthermore, the right to be free from unreasonable seizures was clearly established at the time of von Brincken's arrest. This is so even though the Arizona Supreme Court has not previously held that being pulled over while driving is a prerequisite to a reasonable arrest pursuant to Arizona Revised Statute § 28-1595(B). *See Demuth v. Cty. of Los Angeles*, 798 F.3d 837, 839 (9th Cir. 2015) ("While the law must be unambiguous to overcome qualified immunity, that doesn't mean that every official action is protected . . . unless the very action in question has previously been held unlawful. [O]fficials can still be on notice that

their conduct violates established law even in novel factual circumstances. This is especially true in the Fourth Amendment context, where the constitutional standard— reasonableness—is always a very fact-specific inquiry.") (internal citations and quotation marks omitted).

Officers Voss and Legarra violated von Brincken's clearly established constitutional right to be free from an unreasonable seizure. As a result, they are not entitled to qualified immunity, as the district court properly held.

I respectfully dissent.