THOMAS, Chief Judge,
dissenting:
The Fourth Amendment serves to ensure that one may not be arrested on suspicion of non-criminal conduct. Because Officers Voss and Legarra arrested Tara-hawk von Brincken without probable cause to believe he had committed a crime, the Officers violated von Brincken’s clearly established constitutional rights. Therefore, the Officers are not entitled to qualified immunity, as the district court correctly held. Because I agree entirely with the district court’s analysis on this issue, I must respectfully dissent.
The Fourth Amendment to the US Constitution protects people from unreasonable searches and seizures. U.S. Const, amend. IV. The Supreme Court has held that “Fourth Amendment seizures are reasonable only if based on probable cause to believe that the individual has committed a crime.” Bailey v. United States, 568 U.S. 186, 133 S.Ct. 1031, 1037, 185 L.Ed.2d 19 (2013). Officer Voss relied on Arizona.Re *964 vised Statute § 28-921(A)(1) (driving an improperly equipped vehicle) and § 28-1695(B) (failure to produce identification) as his authority for arresting von Brincken. However, the former statute is a civil traffic offense that does not subject one to arrest for criminal conduct. See Allen v. City of Portland, 78 F.3d 232, 237 (9th Cir. 1995), as amended (Jan. 17, 1996) (“[P]rob-able cause can only exist in relation to criminal conduct.”). The latter statute subjects a driver to arrest for criminal conduct for not producing a driver’s license upon the request of an officer only if the officer first conducted a traffic stop of the driver. See In re Moises L., 199 Ariz. 432, 18 P.3d 1231, 1232 (2000), as amended (Feb. 8, 2001) (“Under § 28-1595(B), a motor vehicle operator stopped by a peace officer must exhibit an ‘operator[’]s driver license.’”). Because it is undisputed that Officer Voss did not conduct a traffic stop of von Brincken before demanding to see his driver’s license, the arrest for failure to produce the driver’s license lacked probable cause and was therefore unconstitutional. To hold otherwise, as the majority does, turns a traffic offense statute into a “stop and show me your papers” statute.
Furthermore, the right to be free from unreasonable seizures was clearly established at the time of von Brincken’s arrest. This is so even though the Arizona Supreme Court has not previously held that being pulled over while driving is a prerequisite to a reasonable arrest pursuant to Arizona Revised Statute § 28-1595(B). See Demuth v. Cty. of Los Angeles, 798 F.3d 837, 839 (9th Cir. 2015) (“While the law must be unambiguous to overcome qualified immunity, that doesn’t mean that every official action is protected ... unless the very action in question has previously been held unlawful. [Officials can still be on notice that their conduct violates established law even in novel factual circumstances. This is especially true in the Fourth Amendment context, where the constitutional standard—reasonableness— is always a very fact-specific inquiry.”) (internal citations and quotation marks omitted).
Officers Voss and Legarra violated von Brincken’s clearly established constitutional right to be free from an unreasonable seizure. As a result, they are not entitled to qualified immunity, as the district court properly held.
I respectfully dissent.