FILED

**NOT FOR PUBLICATION**

DEC 16 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHRISTOPHER A. JONES, | No. 15-16427 |
| Plaintiff-Appellee, | D.C. No. 3:10-cv-00162-LRH-VPC |
| v. | |
| HOWARD SKOLNIK, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| GREG COX and BRIAN WILLIAMS, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 14, 2016[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  GRABER and HURWITZ, Circuit Judges, and FOOTE,*** District Judge.

Defendant Howard Skolnik appeals from the district court's denial of his motion to dismiss Plaintiff Christopher Jones' 42 U.S.C. § 1983 claims against him on the ground of qualified immunity.  Plaintiff alleges that several prison officials violated his procedural due process rights when they denied him a witness at a disciplinary hearing in 2007.  The stated reason for the denial of the witness was that the witness was "not available," but Plaintiff claims that the witness was, in fact, ready and willing to testify on his behalf.

Plaintiff sought relief through the prison's grievance system, but both his first- and second-level grievances were denied.  He then wrote a letter to Defendant, who was the Director of the Nevada Department of Corrections, asking him to intervene and correct the alleged due process violation.  Defendant wrote back to Plaintiff, declining to intervene and expressing his belief that Plaintiff had been "answered appropriately" by the response to the second-level grievance.

Plaintiff then sued Defendant and several other prison officials under 42 U.S.C. § 1983.  Eventually, the district court denied Defendant's motion to dismiss on the basis of qualified immunity.  Defendant appeals from that order.

***The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

2

1. We have jurisdiction over this appeal. Although the district court denied Defendant's motion to dismiss "without prejudice," it clearly ruled on the merits of the qualified immunity defense. See Mitchell v. Forsyth, 472 U.S. 511, 528–30 & 528 n.9 (1985) (holding that the denial of qualified immunity is immediately appealable to the extent it turns on the "purely legal question [of] whether the facts alleged . . . support a claim of violation of clearly established law").

2. Defendant is entitled to qualified immunity even if Plaintiff did not receive due process unless "every reasonable official [in Defendant's position] would have understood that" Defendant's conduct violated Plaintiff's rights. Demuth v. County of Los Angeles, 798 F.3d 837, 839 (9th Cir. 2015) (internal quotation marks omitted). Accordingly, resolving the qualified immunity issue does not require resolving the issue whether collateral estoppel bars Defendant from arguing that Plaintiff received due process. We therefore lack jurisdiction to decide the collateral estoppel issue. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012).

3. Defendant is entitled to qualified immunity. When we address the issue of qualified immunity at the pleading stage, we ask whether the complaint "allege[s] facts sufficient to support [a] claim[] that [the defendant's] conduct violated [the plaintiff's] clearly established constitutional rights." Pelletier v. Fed.

3

Home Loan Bank of S.F., 968 F.2d 865, 871 (9th Cir. 1992). We review de novo both the sufficiency of the complaint, Kwai Fun Wong v. United States, 373 F.3d 952, 961–62 (9th Cir. 2004), and the issue "whether governing law was clearly established at the time of the alleged violation," Dunn v. Castro, 621 F.3d 1196, 1198 (9th Cir. 2010).

Plaintiff's complaint alleges that Defendant was "deliberately indifferent" to a due process violation of which he had "actual knowledge." Even assuming the letter from Plaintiff to Defendant gave Defendant notice of a claimed due process violation, Defendant did not have a clearly established constitutional duty to respond to that letter, as review of prisoner grievances was entrusted to the warden and the assistant director of the Nevada Department of Corrections under the established administrative process. Not "every reasonable official [in Defendant's position] would have understood that" a refusal to intervene in the administrative process violated Plaintiff's due process rights. Demuth, 798 F.3d at 839 (internal quotation marks omitted).

**REVERSED.**

4